Root *et al. v.* Barnes.

---

ROOT ET AL *v.* BARNES.

A certiorari will not lie to remove proceedings had before a justice of the peace, under R. S. 1838, to determine whether a mill pond is unhealthful and productive of disease by reason of the decay of standing, lodged, or fallen timber.

CERTIORARI to a justice of the peace to remove proceedings before him, under ch. 8, tit. 4, part 3, R. S. 1838.

*Farrand & Higby*, for plaintiffs, in error.

*D. Johnson*, for defendant, in error.

Root *et al. v.* Barnes.

*By the court*, MILES, J. The defendant in error, Edward M. Barnes made a complaint in writing to P. C. Lawrence, Esq., a justice of the peace of the county of Jackson, that the plaintiffs in error were the proprietors and occupants of a mill situated in the township of Leoni, in that county; that the pond to the mill was unhealthful and productive of diseases by reason of the decay of a large quantity of standing, lodged and fallen timber within the bounds of the mill pond; and that the pond or a large portion of it was situated in said township. R. S. 1838, sec. 6, p. 535.

Upon this complaint being lodged with the justice, he proceeded to issue a notice, and to empannel a jury for the trial of the same. Two of the persons named in the complaint appeared and contested the matter before the justice, and took various exceptions to the regularity of the proceedings, which being overruled by the justice, they have assigned for error in this court, upon a removal of the proceedings in the case by certiorari.

The statute under which the proceedings in the case were had, R. S. 1838, p, 535, sec. 6, provides that "it shall be lawful for any resident of a township in which a mill pond is situated, to make a complaint in writing against the proprietors or occupants of such mill to any justice of the peace in such township, that such mill pond is unhealthful and productive of diseases by reason of the decay of the standing, lodged or fallen timber, whereupon the said justice shall issue a venire facias to the sheriff or any constable of the county, to summon twelve disinterested men, who shall be freeholders and residents of the county, and said officer shall within a reasonable time summon the jurors to appear at the time and place mentioned in said venire, for the trial of such complaint. Provided, that before the venire shall issue, satisfactory security for the defendant's costs shall be given to such justice: And provided also, that six days at least before the time of issuing such venire, a written notice of said complaint being made, signed by the justice, shall be served on the proprietors or occupants of such mill, so that they may be present at the time of selecting the jury; and such jury shall be selected by writing down the names of twice the number wanted, and each party may strike off six, and the names of the remaining twelve shall be embodied in the venire to try the cause.

The next section provides, that " if upon the trial of such complaint

the jury, after being sworn or affirmed to try the matter of such complaint; and after hearing the testimony, if any be offered, shall determine said mill pond unhealthful or productive of disease, and that it arises from the decay of standing, lodged or fallen timber in said pond, the justice shall record such determination on record, and if thereafter the proprietor or proprietors, occupant or occupants, shall neglect or refuse to remove such standing, lodged or fallen timber from such pond, it shall be lawful for any householder resident of the township to prosecute such proprietors or occupants before any justice of the peace of such county in an action of debt, and such householder is authorized to give in evidence the determination of the jury aforesaid, and upon the evidence thus produced, judgment shall be entered for a sum not exceeding the penalty named in the 5th section of this chapter."

The 5th section referred to makes it the duty of all proprietors of mills within this state to clear their mill ponds of all standing, fallen or lodged timber, upon complaint made to them by any justice of the peace of the township where the mill is situated, that the mill pond has been determined unhealthful and productive of diseases in the manner before mentioned; and for every neglect a penalty of not more than $150 is made recoverable in an action of debt, by any person who shall sue for the same.

No provision is made in the statute for reviewing the proceedings thus had.

A certiorari lies in all judicial proceedings in which a writ of error does not lie, and does not lie to remove any other than judicial acts. Tomlin's Law Dic. title Certiorari, p. 299.

In the case before us, the justice does not appear to have acted judicially.

This seems to be a preliminary proceeding to lay the foundation for an action of debt, to recover a penalty for non-compliance with the provisions of the 5th sec. of the act. " The justice has no order to make, no judgment to give, no judicial act to perform." Pugsley *v.* Anderson, 3 Wend. 468; 17 id. 15.

It will be time enough to question the validity of these proceedings when the action is brought to recover the penalty.

*Certiorari dismissed.*