PEOPLE EX REL. AUGUSTUS P. GREENMAN v. BOARD OF SUPERVISORS OF SHIAWASSEE COUNTY.

*Supervisors—Vacation of State road—Certiorari.*

If on presentation of a proper petition to vacate a portion of a State road, the board of supervisors acquire jurisdiction to act, and do not in their final determination of the case exceed their jurisdiction, defects in their intermediate proceedings will not invalidate their conclusion or make it subject to review on certiorari.

The action of a board of supervisors in ordering a portion of a State road to be vacated is legislative in its character and not subject to the same rules as judicial proceedings.

Where the facts set forth in a petition to vacate a portion of a State road fairly tend to show that the public would be benefited thereby, a finding by the board of supervisors that they were sufficient cannot be questioned.

CERTIORARI to bring up the proceedings of the super-, visors in vacating a portion of the Pontiac and Grand River State Road under the supervision of the relator as overseer of highways. Submitted April 9. Decided April 16.

*Hugh McCurdy* for relator.

*Wm. M. Kilpatrick* for respondent.

MARSTON, J. If we adopt the views expressed in the opinion delivered in *The People v. The Supervisors of Ingham County,* 20 Mich., 101, as a correct construction of the powers conferred by Comp. L., §§ 1271 and 1272,* upon the Board of Supervisors, in reference to establishing and discontinuing state roads, no doubt can exist as to the validity of the action of the board in this case. We need not go so far in this case, as we are of opinion there is a safer and better ground upon which the proceedings may be sustained.

---

*(1271.) SECTION 1. *Be it enacted, etc.,* ·That the board of supervisors of the several counties within this State are hereby authorized and empowered to cause to be laid out, established, altered, discontinued, or opened, all State and territorial roads heretofore or now laid out or hereafter to be laid through or within their respective counties, whenever they may deem it for the interest of the public.

(1272.) SEC. 2. Whenever the board of supervisors of any county are petitioned to by at least twelve freeholders of each of the townships through which any such road or roads may pass, they shall, upon such petition, authorize the commissioners of highways of such townships to cause the line of said road or roads within their respective townships to be surveyed and located therein, and such commissioners shall report such survey and location to the board of supervisors of their county, and upon examination of said survey and report, said board may declare such road or roads duly laid out, established, discontinued, opened, or altered, as the case may be: *Provided,* That said board shall deem the laying out, establishing, altering, discontinuing, or opening said road or roads for the interest of the public.

A majority of the court are of opinion that if the board, by a proper petition being presented to them, acquired jurisdiction to act in this particular case, and did not, in their final determination of the matter, exceed their jurisdiction, then that any defects or irregularities that might be found in their proceedings, would not render their conclusion illegal or be subject to review in this manner. Their action in the premises is legislative in its character, and we cannot therefore apply the same rules thereto that we would to judicial proceedings.

The petition filed and presented to the board, while open to some of the criticisms urged against it, yet does set forth certain facts fairly tending to show that it would be for the interest of the public to have the road discontinued. It sets forth in substance that this road was at one time a necessity, but that other roads and lines of communication have been established and made available, taking the bulk of the travel, leaving this road not much to do, and compelling the continued maintenance of so much extra road. These facts having been set forth in the petition and presented to the board, which considered them sufficient, we cannot question the correctness of their judgment in that respect.

There was sufficient evidence before the board that this was a State road.

It but remains to notice the objection urged that the board never determined that it was for the interest of the public to have this highway discontinued. It was admitted that no express declaration to this effect was necessary,—that such would be the presumption where the contrary did not appear, but it was claimed that in this case the minority report of the committee expressly showed that the discontinuance was not for the public, but for individual benefit. It is true there is much in this report that will bear no other construction than the one urged against it, but there are also certain facts set forth therein showing that it would lessen expense and

benefit the public to have this road discontinued. We need not, however, rest the case upon this alone. It does not necessarily follow that the acceptance of this report by the board was a concurrence in all the statements therein contained. The resolution which was adopted vacating this road, did not set forth any reasons therefor, and as we view the whole case we do not see that the board exceeded its powers.

The certiorari must be quashed, but without costs.

The other Justices concurred.