ROBERT L. MERRICK v. TOWNSHIP BOARD OF ARBELA.

*Certiorari lies from the circuit court to the township board.*

Certiorari lies from a circuit court to review the proceedings of a township board in removing the assessor of a school district.

Error to Tuscola. · Submitted Oct. 8. Decided Oct. 14.

CERTIORARI from the circuit court to a township board. The writ was dismissed for want of jurisdiction. Plaintiff in certiorari brings error.

*Black & Quinn* for plaintiff in error. A common law writ of certiorari lies from a circuit court to review the action of inferior courts not of record and of special tribunals exercising judicial powers affecting the rights and property of persons, and acting in a summary way and not under the common law, 2 Tidd's Pr., 1051; *Stone v. Mayor*, 25 Wend., 167; *Ex rel. Agnew v. Mayor*, 2 Hill, 1; *People v. Judges of Branch Circuit*, 1 Doug. (Mich.), 319; *Warner v. Porter*, 2 id., 358; *In re Robinson's Estate*, 6 Mich., 137; 2 Green's Pr., 848; error lies to review the action of a court in quashing a writ of certiorari for want of jurisdiction, *Stall v. Diamond*, 37 Mich., 429.

*Rufus P. Edson* for defendant in error.

MARSTON, J.  The township board claiming to act under § 3695 of the Compiled Laws removed the plaintiff in error from the office of assessor of a certain school district in said township.  The proceedings were removed to the circuit court for review, by writ of certiorari, and on the hearing the writ was quashed for want of jurisdiction.  The case comes here on writ of error.

It is urged by the defendant in error that the jurisdiction to issue a common law writ of certiorari is lodged exclusively by the Constitution and law in this court, and that the power of the circuit court to issue such a writ is restricted to such courts and tribunals as are mentioned in section one of the judicial article of the Constitution, which would not include a case like the present.

The Constitution clearly gives the circuit courts power to issue the writ in cases like the present, and section 7132 of the Compiled Laws does not deprive the circuit courts of the jurisdiction given them by the Constitution.

That the Constitution gives this power to the circuit court was held in *Thompson v. School District*, 25 Mich., 484, and has never been questioned.  See also *Taylor v. Judge of St. Clair Circuit*, 32 Mich., 95; *McBride v. Common Council*, 32 Mich., 360.

This case is governed by the decisions referred to. The town board was acting in a *quasi judicial* capacity, and as such must be considered as an inferior tribunal over which the circuit court is given a general control by the constitution.

It was not claimed, and indeed could not be, that the action of the town board could be sustained.  It follows that the judgment of the circuit court in dismissing the writ of certiorari and the proceedings of the town board must be reversed with costs to plaintiff in error.

The other Justices concurred.