| 47 | 167 |
|----|-----|
| 89 | 170 |
| 47 | 167 |
| s10NW | 186 |
| 130 | 4403 |
| 47 | 167 |
| 153 | 4558 |

AUGUSTINE GAGER AND CHARLES R. SAVILLE, SUPERINTENDENTS OF THE POOR v. BOARD OF SUPERVISORS
OF CHIPPEWA COUNTY.

*Removal of officers by board of supervisors—Notice of proceedings—Superintendents of the poor—Certiorari—Affidavit of merits—Allegations of error.*

Act 165 of 1877 permits a board of supervisors to remove an officer appointed by it on charges preferred to the Board, or its chairman, and after notice of the hearing and a copy of the charges has been delivered to the officer, and full opportunity has been given him to be heard in his defence.   *Held,* that as to time and notice of hearing the board does not act as an ordinary court but as a public board authorized to use their own time and methods, subject only to the condition that no one shall be removed without charges and reasonable notice, nor without a full opportunity to be heard; and a service on August 7th of a copy of charges and notice of meeting to be held August 18th to investigate them, was held sufficient though made on the authority of two supervisors without a meeting of the Board.

It is misfeasance in office for superintendents of the poor to draw orders on the County Treasurer in favor of persons without whose knowledge they themselves draw the money, and compel the payees to take from themselves at exorbitant prices such goods as they see fit to give them; or to use their official power and the poor fund to coerce the recipients of their favor to vote under their dictation; or not to refund to the treasurer money which has been repaid to them by persons to whom they have afforded temporary relief.

A board of supervisors need not meet for the mere purpose of ordering notice to be given of a hearing of charges against officers appointed by them.

*Certiorari* is largely a discretionary writ and should not be allowed to disturb the action of public bodies entrusted with managing local concerns, unless on grounds indicating that actual wrong has been done.

An allegation as error that a motion to quash a complaint was overruled is enough to raise the sufficiency of the charges as laid.

An appellate court cannot notice points made on argument but not alleged as error.

On *certiorari* to review the action of a board of supervisors in a matter of such importance as the honest use of public money, the party applying for a review should at least swear to merits.

Certiorari.    Submitted October 14.    Decided October 26.

*Charles S. Cushman* for plaintiffs in *certiorari*.

*A. & C. A. Blair* for defendant in *certiorari*.

CAMPBELL, J.   Gager and Saville, who were superintendents of the poor for Chippewa county, were removed from office for alleged malfeasance, under subd. 17 of sec. 2 of act 165 of the Public Acts of 1877. This provides for removal by the board of supervisors, of officers appointed by them, when they are satisfied, on charges and evidence, that the accused are guilty of official misconduct or habitual or wilful neglect of duty. But it is declared that "no such officer shall be removed for such misconduct or neglect, unless charges thereof shall have been preferred to said board of supervisors, or the chairman thereof, and notice of the hearing, with a copy of the charges, delivered to such officer and a full opportunity given him to be heard in his defence." The action of the board in removing them comes up on *certiorari*, allowed by a circuit court commissioner.

Charges having been prepared by George W. Brown, who appears to be county clerk, he was called upon, on April 7, 1881, by two supervisors, to call a meeting of the board for August 18th, at 10 o'clock A. M., to organize, and to investigate the charges.  Notice of this meeting, and a copy of the

charges, were served August 7th. On the 18th the respondents appeared by counsel and undertook, as if it had been an ordinary court, to plead to the jurisdiction, upon the ground that no notice and charges had been served upon them, with an opportunity to defend. This being overruled, a motion was made to quash the charges for insufficiency. This was set up as existing—*first*, in a failure to aver the misconduct charged to have been wilful and corrupt or knowingly wrong; *second*, in the want of authority in the supervisors to make certain instructions alleged to have been violated; *third*, in uncertainty of time, place and persons; *fourth*, that the fourth charge alleged a criminal offense; and *fifth*, that superintendents are not bound to report to the supervisors.

So far as time and notice of hearing are concerned the board of supervisors do not act in strictness as a court, but as a public board authorized to use their own times and methods subject only to the condition that no one shall be removed without charges and reasonable notice, nor without a full opportunity to be heard. We think the notice was sufficient in this case, if the charges were, and that the only question before us is whether the charges were sufficiently definite and contained allegations of official misconduct. Respondents, after putting in their objections, withdrew. The objections were argued by counsel and it does not distinctly appear whether or not they took part in examining witnesses. The want of jurisdiction is really the chief error assigned, and we cannot properly in any case discuss mere questions of routine. This objection, as dependent on the several substantial matters involved, seems to us the only one worth considering.

The charges, four in number, were substantially as follows:

*First.* That contrary to law and to instructions from the supervisors they draw orders in favor of persons named on the county treasurer, but without the knowledge or consent of the payees, draw the money themselves, and compel the payees to take from themselves at exorbitant prices such goods as they see fit to give them.

*Second.* That they use their official power, and the poor

fund to coerce the recipients of their favors to vote under their dictation.

*Third.* That they do not report their doings to the board but avoid doing so.

*Fourth.* That they have afforded temporary relief to persons who have repaid them, and have not refunded the money to the treasurer.

It seems to us that the principal charges set out are in their nature very plain acts of misfeasance, which if true would authorize removal from office. They are also of such a nature that they could not well be committed ignorantly, except a failure to report, which might be innocent, and which is not distinctly charged to have been wilful and intentional.

There was positive evidence of misconduct on the part of Gager concerning all of the main charges and also testimony connecting Saville with Gager in his dealings complained of.

The charges made were not, we think, as definite as they should be. But instead of desiring that they be made more definite, by particulars or otherwise, and asking time to meet them, the respondents saw fit to put themselves on mere questions of pleading, and to withdraw from any further proceedings. There is no denial in the affidavit for *certiorari* of the truth of the matters proved, and most of the causes of error alleged are very indefinite. The first is that the supervisors never obtained jurisdiction because they never delivered or caused to be delivered a copy of the charges with notice, inasmuch as the board did not meet until April 18. We think the notice and service were correct, and that the law does not require the board itself to meet for the purpose of ordering notice to be given. The last substantial error is the general one that the judgment is wrong. The error that the board overruled the motion to quash is enough to raise the sufficiency of the charges as laid, upon which we have already remarked. Points made in the argument and not alleged cannot be noticed.

As the granting of a writ of *certiorari* is largely discretionary we do not think it consistent with public policy to

disturb the action of the bodies entrusted with managing local concerns, unless upon grounds which indicate probability that actual wrong has been done by the course taken.    It is not intended by the law that such action shall be delayed by judicial interference where it can be avoided, and it is not the duty of such bodies to tie up their own hands by formalities which have no legal obligation.    We do not think it at all likely that the board would have denied respondents a full hearing and time to prepare for it if desired.    And while, if a review in this court were a matter of right, we might feel compelled to hold the charges too general, yet they were very serious, and sustained by definite evidence ; and in a matter of such importance to the county as the honest use of public money, we think the parties applying for a review should have at least sworn to merits.

The writ should be dismissed as improvidently granted.

The other Justices concurred.