JOSEPH WENZEL v. TOWNSHIP BOARD OF DORR.

*Removal of school directors—Notice.*

Proceedings by a township board to remove a school director are not invalidated by the fact that it did not meet to agree on the notice under which the proceedings were taken.

Error to Allegan. Submitted June 20. Decided June 27.

PROCEEDINGS under Act 164 of 1881 for removing school director. The director brings error. Affirmed.

*Taggart, Stone & Earle* for appellant. A township board acts judicially in determining whether charges against a school director are sufficient to warrant his removal: *Money v. Tobias* 12 Johns. 422; *Vosburgh v. Welch* 11 Johns. 175; *Loder v. Phelps* 13 Wend. 46; where a board takes judicial action the members must meet and confer beforehand and be present when it is done: *Martin v. Lemon* 26 Conn. 192; *Grindley v. Barker* 1 B. & P. 229; *Keeler v. Frost* 22 Barb. 400; *Perry v. Tynen* id. 137; an individual member cannot bind the board by his action: Ang. & Ames on Corp. § 232; *Steinbeck v. Treasurer* 22 Ohio St. 144; Dillon Mun. Corp. 249 n; *Cline v. Wilkesville* 20 Ohio St. 293; when a judicial act is to be done by two or more, all who take part must be present together when it is executed: *Green v. Miller* 6 Johns. 41; *King v. Great Marlow* 2 East 244; *Battye v. Gresley* 8 East 319; *King v. Winwick* 8

Term 454; *Ross v. Crockett* 14 La. Ann. 811; the members of a board cannot act as a board except when together: *McCortle v. Bates* 29 Ohio St. 419; *Newcombe v. Chesebrough* 33 Mich. 321; *Finley Shoe &c. Co. v. Kurtz* 34 Mich. 89; a township board in determining to remove a school director must meet and fix the action to be taken by resolution entered on its records: *Thompson v. School District* 25 Mich. 483.

*Padgham & Padgham* for appellee.

GRAVES, C. J.   Proceedings were taken by the township board to remove the plaintiff from the office of director of a school-district under § 8 of ch. 13 of Act No. 164, of the Laws of 1881.   The board adjudged his removal and he obtained a review on *certiorari* in the circuit court where the order of the board was affirmed.   The plaintiff sued out a writ of error.

The charges against him were originally lodged with the township clerk, and the members of the board thereupon united in a notice of the time and place for a hearing of the case.   They did not meet together to issue the notice, but acted separately.   On the arrival of the time they convened at the place designated and proceeded as a board.   The parties appeared and the plaintiff being apprised that no session had been held to prescribe the notice objected to further proceedings.   The board recognized the notice as a good one and overruled the objection.

The sufficiency of the charges on their face was not questioned, and there can be no doubt that the board might have been compelled to act upon them.   In regard to that they had no discretion.   When the plaintiff's objection was overruled he pleaded Not Guilty and demanded that proof thereon be given against him.

The sole question for decision is whether the getting up of the notice without the coming together of the members of the board was a fatal defect, and we think it was not. The method at this stage was more a matter of form than of substance, and as the charges were apparently sufficient,

and the board actually came together on them at the fixed time and place and virtually approved the previous proceeding and the plaintiff was present and had a full hearing, there is no real ground for complaint. The case is within the principle of *Gager v. Chippewa Supervisors* 47 Mich. 167.

The other Justices concurred.