JAMES WHITE, COMMISSIONER OF HIGHWAYS, FOR THE USE AND BENEFIT OF HENRY COTTONHAM, v. JONATHAN BOYCE.

*Certiorari—Justices of the peace.*

1. There is no practice allowing writs of *certiorari* to issue from the Supreme Court to justices of the peace.
2. The allowance of a writ of *certiorari* from the Supreme Court to a justice of the peace is exceptional, and only favored when necessary to prevent a failure of justice. *Adams v. Abram,* 38 Mich. 302; *Withington v. Southworth,* 26 Id. 381.

*Certiorari* to review proceedings in justice's court. Argued October 27, 1891. Writ dismissed November 13, 1891. The facts are stated in the opinion.

*Burritt & Canfield*, for defendant, and petitioner in *certiorari*.

*H. H. Woodruff*, for plaintiff, and respondent in *certiorari*.

LONG, J.   This action was commenced in justice's court by summons issued April 7, 1891, returnable on April 11.   The summons was personally served on the day of its issue.   On the return-day the parties appeared and answered, and on motion of the defendant the cause was adjourned until April 25.   On that day the plaintiff appeared, and after waiting one hour, and defendant not appearing, plaintiff declared against him, and alleged in his declaration that defendant, during the spring of 1889, maintained a dam on section 20, in township 22 N., of range 2 W., for the purpose of driving logs out of "Denton Creek," so called, in Roscommon county; that, in order to get out and deliver such logs to Houghton lake, the defendant caused said dam to be closed in order to get a head of water in Denton creek, and that whenever said dam was closed, and a head of water maintained, the water in such creek was backed up so as to overflow the highway, known as the "West Branch State Road," which highway was laid out by an act of the Legislature of this State, and had been in constant and public use for more than 14 years prior thereto; that Henry Cottonham, the party for whose benefit the suit is brought, was traveling over said highway, and from the overflow of said highway, caused by the wrongful act of the defendant in maintaining said dam and overflowing said road, certain timbers and logs were floated out of said highway, and the said Cottonham drove into a hole, thereby breaking his wagon, losing his horse, and losing certain fish, to his damage, etc.

Upon the filing of this declaration, plaintiff introduced

proofs before the justice to sustain his claim, and the justice forthwith rendered judgment in favor of the plaintiff for the benefit of Henry Cottonham for $100 damages, and $4.04 costs of suit. This judgment was not appealed from, and no steps were taken, so far as appears by this record, to remove the cause to the circuit court. On July 3 thereafter, the defendant, by his attorney, made an affidavit, and filed the same in this Court, to obtain a writ of *certiorari*. The writ was allowed and issued, and the proceedings, as above set forth, returned to this Court by the justice.

Plaintiff's counsel contends that the writ was improvidently issued, and should be dismissed.

There is no practice allowing writs of *certiorari* from this Court to justices of the peace. It is true that, under the statute, this Court has power to correct errors of inferior courts, and its jurisdiction extends over courts of justices of the peace; but the practice in this State has been, for errors in justices' courts, to seek redress by appeal, general or special, to the circuit court, or by writ of *certiorari* issuing from that court. If we permitted writs to be taken from this Court to justices of the peace when the party has a right to have his grievance redressed in the circuit, it would be difficult for this Court to reach and decide the numerous cases that would come here, as our docket is already overcrowded.

In *Withington v. Southworth*, 26 Mich. 381, and *Adams v. Abram*, 38 Id. 302, writs of *certiorari* were issued from this Court to a justice of the peace. In the first case, it appeared that the proceeding before the justice was by writ of attachment. The defendants in the writ were not personally served and did not appear in the case. The objection was made in this Court that the plaintiffs in *certiorari* had mistaken their remedy, and should have removed the case to the circuit court by one of the

modes provided by the statutes. It was said by this Court that,—

"Had the parties been served, or appeared in the court below, there would be force in the objection; but where they are not served, and may not have known or heard of the proceedings until the short time allowed by the statute for taking the case to the circuit court had elapsed, it would operate, in many cases, as a denial of justice, if we were to withhold the common-law remedy in this Court."

The writ was permitted to stand in this Court for that reason, and for the reason that the statutory remedy was gone before this Court was applied to, and there was nothing in the case showing that the defendants had notice of the proceedings in the justice's court in time to avail themselves of their right to appeal to the circuit.

In *Adams v. Abram*, 38 Mich. 302, the proceeding was by attachment from justice's court against non-resident defendants. The writ was not personally served, and the return of the constable did not show that a copy of the writ was left at the last place of residence of any of the defendants in the county, or that there was no such last place of residence. The case was brought to this Court by writ of *certiorari* from the justice's court. A motion was made in this Court to dismiss the writ. This was denied, and it was said by the Court:

"The allowance of a *certiorari* from this Court is exceptional, and we are not inclined to favor it, except where it is necessary to prevent a failure of justice."

The defendant in this case had been personally served with the summons by which the suit was commenced before the justice. He appeared on the return-day, and on his motion the case was adjourned until the 25th of April. He did not appear, and judgment was taken against him on that day, as he might well have appre-

hended it would be. From the record here it is apparent that he took no steps to relieve himself from the effects of this wrongful judgment, if it be wrongful, until the 3d day of July following, when an affidavit was made by his attorney for the writ of *certiorari* from this Court. It may have been supposed by the attorneys for the defendant that this practice would be allowed from the fact that the writs were not dismissed in the two cases before cited. For that reason no costs will be allowed, though the writ will be dismissed.

MORSE and McGRATH, JJ., concurred. CHAMPLIN, C. J., and GRANT, J., did not sit.