## WEST v. PARKINSON.

1. CERTIORARI—WHEN LIES.
   *Certiorari* is a discretionary writ, and ought not to issue unless it is made to appear that injustice has been done.

2. SAME—VACATION OF JUDGMENT—INSUFFICIENT SHOWING—AFFIDAVIT OF MERITS.
   Defendant petitioned for a writ of *certiorari* to set aside a transcript judgment. The affidavit of merits did not allege that he had fully and fairly stated the facts constituting his defense to his counsel. It also appeared that, on the trial before the justice, he declined to put in any defense, relying solely upon the fact that his wife was sworn without his consent; but it nowhere appeared what her testimony was. *Held,* that justice did not require the writ to issue.

*Certiorari* by Charles H. Parkinson to vacate a judgment on a transcript in the Wayne circuit court from a judgment in justice's court, rendered in an action of *assumpsit* brought by William H. West. Submitted

130 401
f146 ¹394

April 8, 1902. (Docket No. 6.)] Writ dismissed April 22, 1902.

*Allan H. Frazer*, for appellant.

*James H. Pound*, for appellee.

MOORE, J. This proceeding seeks by the writ of *certiorari* to set aside a judgment rendered in justice's court, upon which a transcript has been taken to the circuit court. It is the claim of defendant that his attorney promised to appeal the case to the circuit court, and failed to do so, and that, as a transcript has been taken, it is too late to move in the circuit court for leave to take a special appeal. It is also claimed the judgment is void because the wife of defendant was allowed to testify, contrary to the provisions of section 10213, 3 Comp. Laws.

There are a great many questions raised which we do not deem it necessary to discuss. The allegation of the affidavit as to the testimony of Mrs. Parkinson is as follows:

"That thereafter, and upon the 17th day of August, after issue joined, the cause was duly tried between said parties, and the plaintiff swore as a witness to support his claim said Mary E. Parkinson, who was, and now is, the lawful wife of your affiant; and such testimony was admitted over the objection of your affiant's attorney that it was inadmissible as a violation of the statute, being section 10213 of the Compiled Laws of 1897."

The only allegation in the affidavit in relation to a meritorious defense is as follows:

"Affiant avers that the judgment is a large one for a man of his limited means to be obliged to pay unjustly, and that the claim is unjust and illegal, and that he is advised by counsel that he has a good, sufficient, and meritorious defense to the right of action upon which the judgment is based, and that the admissibility of the testimony of his wife, the said Mary E. Parkinson, is one which affects the merits of the said case, and that he is without remedy unless a writ of *certiorari* issue to review said judgment."

It will be noticed that it is nowhere stated in the affidavit what testimony was given by Mrs. Parkinson, nor does it appear by the record. It may have been testimony that is permitted by the statute. The affidavit of merits does not show that Mr. Parkinson fully and fairly stated the facts constituting his defense to his counsel. The affidavit shows affirmatively that defendant declined to put in any defense, and rested wholly upon the fact that his wife had erroneously been permitted to testify.

It has been held many times in this court that *certiorari* is a discretionary writ, and not one of right, and ought not to issue unless it is made to appear that an injustice has been done. *In re Lantis,* 9 Mich. 324 (80 Am. Dec. 85); *Farrell* v. *Taylor,* 12 Mich. 113; *Specht* v. *City of Detroit,* 20 Mich. 168; *Smith* v. *Reed,* 24 Mich. 240; *People* v. *Wayne County Drain Com'r,* 40 Mich. 745; *Gager* v. *Supervisors of Chippewa Co.,* 47 Mich. 167 (10 N. W. 186); *City of Ishpeming* v. *Maroney,* 49 Mich. 226 (13 N. W. 527); *Tucker* v. *Parker,* 50 Mich. 5 (14 N. W. 676); *White* v. *Boyce,* 88 Mich. 349 (50 N. W. 302); *City of Detroit* v. *Murphy,* 95 Mich. 531 (55 N. W. 441); *Baudistel* v. *City of Jackson,* 110 Mich. 357 (68 N. W. 292). In this case it has not been made to appear that justice required the issuance of this writ.

The writ of *certiorari* is dismissed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.