PEOPLE v. TURJA.

1. Criminal Law—Certiorari—Justices' Courts.
   The writ of certiorari will not issue from the Supreme Court to justice's court except where no other remedy remains and it is necessary to prevent a failure of justice.

2. Same—Juvenile Offenders—Complaint and Warrant.
   A charge that respondent was a disorderly juvenile offender, in that she neglected and refused to go to school and was a truant and is an unmanageable child, is insufficient to sustain a conviction. Act No. 200, Pub. Acts 1905; 3 Comp. Laws, § 11765.

3. Same—Statutes—Construction.
   A justice of the peace obtains no jurisdiction over a juvenile offender if he fails to notify the county agent, and give a full opportunity for investigation, and for the report as provided by Act No. 221, Pub. Acts 1903, which must be construed as favorably as possible for the child.

Certiorari to justice's court of the city of Hancock; Olivier, J. Submitted June 17, 1909. (Docket No. 124.) Decided July 6, 1909.

Hannah Turja was convicted in justice's court of being a disorderly juvenile offender, and sentenced to confinement in the industrial school for girls at Adrian until she attained the age of 21 years. Reversed and respondent discharged.

*Burritt & Burritt*, for appellant.

*William J. MacDonald*, Prosecuting Attorney, for the people.

McAlvay, J. Respondent was charged January 26, 1909, on complaint of her father, before a justice of the

peace, with being "a disorderly juvenile offender, in that she neglected and refused to go to school and was a truant and is an unmanageable child, contrary to the form of the statute."

She was, at the time, of the age of 14 years and 8 months. A warrant was at once issued returnable forthwith, and placed in the hands of a deputy sheriff. She was taken into custody on January 29th and brought into court. The county agent of the State board of corrections and charities was then for the first time notified by telephone, and appeared before the court. The young girl was arraigned, and her plea of guilty taken. It does not appear that any witness except the father was sworn. The county agent took part in the hearing and advised with and counseled the justice. She was found guilty as charged, and on the recommendation of the county agent she was sentenced to the reform school for girls at Adrian until she attained the age of 21 years. A commitment issued February 1, 1909. The justice returns that the county agent did not make a written report to him until after sentence. The respondent was taken to Adrian, and is now held in that institution by virtue of this commitment. She was not represented by an attorney in this case, and the attorneys who present her case to this court have sought a review by a common-law writ of certiorari, upon the ground that a remedy by certiorari to the circuit court was lost by lapse of time, and no other remedy remained.

As a general rule, certiorari will not lie from this court to justices' courts. In cases where it is necessary to prevent a failure of justice, an exception is made and the common-law writ allowed. *Withington* v. *Southworth,* 26 Mich. 381; *Adams* v. *Abram,* 38 Mich. 302; *White* v. *Boyce,* 88 Mich. 349 (50 N. W. 302). In our opinion, this case comes within the exception, and the errors relied upon by respondent will be considered. The fact that in this case a person is under a sentence which will deprive

her of her liberty for a term of years adds force to the reasoning of the cases cited, in which only property of a small amount was involved.

It is assumed, and not contradicted by the representative of the people, that this case was brought under the provisions of Act No. 221, Pub. Acts 1903. Errors are alleged upon the insufficiency of the complaint and warrant in alleging no offense, and in the warrant having been issued before notice to, and a written report by, the county agent, and also in proceeding to a conviction and sentence before such report was made. As the basis of proceedings to justify a conviction and sentence to imprisonment for a term of years, the complaint and warrant are not sufficient. The substance of the charge has already been given. There is no allegation as to the age of the girl; that she was not excused from attending school; that she was under parental charge, and against the command of the parent had wilfully absented herself from the school she was attending, as provided by the statutes which define truancy.

The requirements of the statute relative to the notice to, and report of, the county agent were not complied with. This statute must be construed as favorably as possible in the interests of these children. The legislative intent was to have this preliminary investigation to determine whether a warrant should be issued, and a report to the justice before issuing it. It is clear from the record before us that the justice's court obtained no jurisdiction over respondent, and that the proceedings were void. Careful supervision by officers thereto authorized, in the few counties, including Houghton, where this act continues to be operative since the juvenile court act was passed, will avoid a recurrence of the errors found in this case.

For the errors pointed out, the judgment and sentence is vacated and set aside, and this young girl will be released from her confinement. She will be returned to Houghton county in charge of a woman appointed for

that purpose by the proper authority and at the charge of said county.

These proceedings will be without prejudice to any proper investigation by the proper authorities.

BLAIR, C. J., and GRANT, MONTGOMERY, and BROOKE, JJ., concurred.