GREENVILLE GAS, ELECTRIC LIGHT, POWER & FUEL CO. *v.* CITY OF GREENVILLE.

1. CERTIORARI—QUESTIONS REVIEWABLE — SUPREME COURT PRACTICE—MUNICIPAL CORPORATIONS.

The common-law writ of certiorari does not lie to review in the Supreme Court the action of a municipal common council in passing an ordinance requiring an electric power and light company to remove from the streets its poles and wires, which the corporation has erected and claims the right to maintain under a municipal franchise.

2. SAME—LEGISLATIVE ACTION—JUDICIAL PROCEEDINGS.

Certiorari is not the proper remedy to review acts of a ministerial, executive, or legislative character not done in the exercise of judicial power.

3. SAME.

> Certiorari is not a flexible remedy, nor is it adequate to raise or dispose of questions of fact relating to such legislative action.

4. SAME—PRACTICE.

> The allowance of the writ by a circuit court commissioner is not conclusive on this court, which may at any time consider and determine the propriety of the allowance and dismiss the proceeding, if the writ was improvidently granted.

Certiorari by the Greenville Gas, Electric Light, Power & Fuel Company to the city of Greenville to determine the validity of a municipal ordinance. Submitted March 2, 1911. (Docket No. 127.) Writ quashed March 13, 1911.

*N. O. Griswold*, for relator.

*E. J. Bowman* (*Kleinhans & Knappen*, of counsel), for respondent.

STONE, J. The petition for the common-law writ of certiorari in this case shows that petitioner is a corporation organized and existing under and by virtue of the laws of this State (section 7141, 2 Comp. Laws), and was incorporated upon January 31, 1903, since which time it has been in business in the city of Greenville, and states its object and purpose as stated in its articles of association. It also sets forth that the city of Greenville is a municipal corporation organized and existing under and by virtue of Act No. 215, Pub. Acts 1895 (1 Comp. Laws, § 2956 *et seq.*), and has the municipal powers, rights, and privileges conferred by said act, and the amendments thereto, and none other. The petitioner represents that immediately after its organization as a corporation it obtained by purchase a plant for the manufacture and generation of electricity in the city of Greenville, together with the poles and lines of wire extending from such plant through, along, and across the streets of said city, and has been the owner of said plant ever since, and has a

large and lucrative business in generating electricity, and conveying the same along said line of poles and wires above, over and across the streets of said city, to the business and residence portions thereof, and selling the same to the inhabitants of said city, for the purposes of light, heat, and power. It is further represented that the city of Greenville, acting through and by its common council, had on April 5, 1904, passed an ordinance giving and granting permission and authority to the petitioner to maintain its lines of poles, wires, and other appurtenances as then located in said city, and to extend the same for the purpose of furnishing the public with electric lights, and that the terms of said ordinance had been consented to by the petitioner; that its poles and wires were located in Lafayette street in said city between Benton street on the south, and Flat river on the north.

It further appears: That the common council of the said city, at a regular meeting thereof, held July 25, 1910, enacted and adopted an ordinance entitled—

"An ordinance to prohibit the placing or maintaining of poles and overhead wires and cables for telegraph, telephone, electric light, electric power and other purposes in certain portions of Lafayette street in the city of Greenville; to prescribe the manner and regulate the placing, and maintenance of such poles, wires and cables upon such streets, and the other streets and public grounds of the said city of Greenville"—

Which ordinance took effect on August 15, 1910. That by section 1 of said ordinance petitioner is forbidden to rebuild, alter, erect, or maintain any poles or other erections designed or used in supporting or carrying electric or other overhead wires or cables, and it is forbidden by said ordinance to alter, erect, or maintain any overhead wires or cables designed or used to convey or carry any current of electricity along that portion of Lafayette street lying between Benton street and Flat river. That on August 15, 1910, the said common council of said city held a meeting, and there adopted a resolution, by the terms of which

said petitioner was required to remove the poles and overhead wires from said Lafayette street, between Benton street and Flat river, on or before August 30, 1910; that on August 17, 1910, the said city caused to be served upon petitioner a notice of such resolution, and that it was required to remove its poles and overhead wires on said Lafayette street between Benton Street and Flat river, on or before August 30, 1910, for the reason that the maintenance of said poles and overhead wires was in violation of said ordinance of July 25, 1910, and for the further reason that said overhead wires were dangerous, and a menace to life and property, and for the further reason that said poles and overhead wires were an obstruction to said street, preventing the proper paving thereof, and that said poles and overhead wires interfered with the proper protection by the fire department of the property located in said district, and the further reason that said poles and overhead wires were unsightly, a public nuisance, and were located in said street, and maintained thereon without authority or franchise from said city.

The petition alleges that said ordinance of July 25, 1910, is void:

(1) Because it attempts to deny to petitioner the right to maintain its poles and wires within the limits aforesaid, which right is guaranteed to it by the statutes of this State.

(2) Because the said ordinance is void for the reason that said city had no power or authority under its organic act, and the amendments thereto, to enact such an ordinance.

The writ of certiorari was allowed by a circuit court commissioner of Montcalm county.

The answer of the respondent admits the proceedings, and the adoption of the ordinances substantially as alleged in the petition, but denies that the said ordinance of July 25, 1910, is void for any reason, and it claims that said ordinance is within the legal power and rights of said city, as granted by the legislature, and that the same is

an exercise of a reasonable police power by the common council over the use of the streets for the general welfare of the city, and serves only to protect the rights of the public in the premises, and is not subject to any of the objections claimed by petitioner.

It will be seen that the question sought to be raised is an important one, and it may be stated as follows: Was the action of the city in adopting the ordinance of July 25, 1910, and the subsequent proceedings taken by the city thereunder, requiring the removal of the petitioner's poles and wires from a certain-portion of Lafayette street, a valid exercise of the police power of the city, in view of the previous ordinance? At the outset we are confronted with the question whether this matter can be properly disposed of on certiorari. We have here the action of a legislative body, to wit, a common council claiming to act within its powers, seeking to take action which the petitioner claims will deprive it of its contract rights. It seems very clear to us that the action of the respondent which is complained of, was neither judicial nor quasi judicial action, but legislative in its character. The doctrine seems to be established that the office of a writ of certiorari is to bring to a superior court for review the record and proceedings of an inferior court, officer, or tribunal exercising judicial or quasi judicial functions, to the end that the validity of the proceedings may be determined, excess of jurisdiction restrained, and errors, if any, corrected.

It necessarily follows that the writ will not lie to review acts which were not done in the exercise of judicial power or authority, but were merely ministerial, executive, or legislative in their character. *Root* v. *Barnes*, 1 Mich. 37; *People* v. *The Governor*, 29 Mich. 320 (18 Am. Rep. 89); *People* v. *Board of Supervisors*, 38 Mich. 642; *Board of Supervisors of Midland County* v. *Auditor General*, 27 Mich. 165; *Merrick* v. *Township Board*, 41 Mich. 630 (2 N. W. 922); *Ayres* v. *Board of State Auditors*, 42 Mich. 422, 427 (4 N. W. 274); *Gager*

v. *Board of Supervisors,* 47 Mich. 167 (10 N. W. 186). See, also, 6 Cyc. pp. 750–753, and the many cases cited in the notes.

Again, certiorari is not a flexible remedy, and is inadequate to either raise or dispose of the questions of fact involved in such a situation as is here presented.

The allowance of the writ by a proper officer is not final and conclusive upon the court, which may at any time consider and determine the propriety of the allowance, and dismiss the proceeding if the writ was improvidently allowed. *In re Lantis,* 9 Mich. 324 (80 Am. Dec. 85); *Farrell* v. *Taylor,* 12 Mich. 114.

For the reasons stated, the writ must be quashed, with costs, as improvidently issued, but without prejudice to the right of petitioner to invoke an adequate remedy.

OSTRANDER, C. J., and HOOKER, BROOKE, and BLAIR, JJ., concurred.