IN THE MATTER OF JONES

Docket Nos. 70465, 70466. Submitted April 9, 1981, at Grand Rapids.
—Decided September 4, 1984.

The parental rights of respondent, Bertha Mae Jones, in her
three minor children, Charles E. Jones, James E. Jones and
Jermaine E. Jones, were terminated by the Allegan County
Probate Court, George A. Greig, Jr., J. Respondent was not
represented by an attorney at the preliminary hearing on the
initial neglect petition. At the conclusion of that hearing the
court advised respondent of her right to be represented by
counsel and her right to a court-appointed attorney at public
expense if she were indigent. Respondent was represented by
counsel at all further proceedings which culminated in the
order terminating her parental rights. Respondent appealed,
alleging that the probate court erred by failing to advise her of
her right to have counsel present at the preliminary hearing.
Two appeals were filed, one concerning the termination of
rights in Charles E. Jones, and the other concerning the rights
in James E. Jones and Jermaine E. Jones. The appeals were
consolidated. Held:

1. Respondent's failure to object to the procedure followed at
the preliminary hearing at any time prior to her appeal to the
Court of Appeals waives the claim of error for failure to advise
her of her right to counsel at that hearing.

2. A probate court should advise persons facing potential
termination of their parental rights of their right to counsel at
or near the outset of the preliminary hearing in order for such
persons to obtain counsel for that hearing if desired.

3. Respondent, upon advice of counsel, stipulated to the

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children § 21.
[2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children § 29 et seq.
[3] 73 Am Jur 2d, Stipulations § 2.
[4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children § 60.

factual allegations of the neglect petition. In these circumstances, the court was under no duty to inform the respondent of the potential consequences of the stipulation.

4. Findings of fact of the trial court in parental neglect cases should be set aside only if clearly erroneous.

Affirmed.

1. PARENT AND CHILD — NEGLECT PROCEEDING — JUVENILE COURT RULES — JURISDICTION.

A violation of the Juvenile Court Rules governing procedure at a preliminary hearing on a petition for probate court jurisdiction over a child is not a jurisdictional defect; failure to object to the procedure at the hearing waives the right to appellate review of the alleged error.

2. PARENT AND CHILD — NEGLECT PROCEEDING — RIGHT TO COUNSEL.

A probate court should advise a parent of his right to be represented by counsel at the outset of the preliminary hearing on a child neglect petition; failure properly to advise persons facing termination of their parental rights of their right to counsel at the preliminary hearing is error (JCR 1969, 4.2[B][4], 6.3[A][2][b]).

3. TRIAL — PARENT AND CHILD — NEGLECT PROCEEDING — STIPULATIONS.

There is no duty imposed on a trial judge in a child neglect proceeding to impart information to a parent represented by counsel concerning the consequences of a stipulation to the factual allegations made in the neglect petition.

4. APPEAL — PARENT AND CHILD — STANDARD OF REVIEW.

The findings of a probate court in a child neglect case should be set aside only if clearly erroneous.

*Michael L. Buck,* Assistant Prosecuting Attorney, for petitioner.

*Sheridan & Sheridan* (by *Philip J. Sheridan),* for the minor children.

*Burnett, Kastran & Stone* (by *James D. Stone),* for respondent.

Before: R. M. Maher, P.J., and Wahls and J. A. Hathaway,* JJ.

Per Curiam. Respondent, Bertha Mae Jones, appeals as of right from the termination of her parental rights in her three sons, Charles, James, and Jermaine. Her parental rights in all three of her sons were terminated in a consolidated hearing.

On appeal, respondent claims that the trial judge erred by failing to advise her of her right to have counsel present at the preliminary hearing at which a neglect petition was first authorized.

In the present case, the preliminary hearing was held on July 28, 1981. At the hearing, the probate judge read the allegations in the complaint to respondent. He asked her if she had an attorney representing her at the hearing. He then asked if she expected one to be arriving or had spoken with an attorney. Respondent replied that she had not spoken with an attorney yet. The testimony of one witness was heard. The probate court authorized the issuance of a petition formally seeking jurisdiction over the children. He then informed respondent of her right to be represented by an attorney and her right, if indigent, to the assistance of a court-appointed attorney at public expense.

An adjudicative hearing was held on September 4, 1981, at which the decision was made to exercise probate court jurisdiction over the children. Respondent, represented by counsel, stipulated to several of the factual claims made in the original petition. The parties' stipulation provided that the probate judge would decide the need for jurisdiction based on the facts agreed upon. The children

---

* Circuit judge, sitting on the Court of Appeals by assignment.

became temporary wards of the court and were placed in foster care.

A dispositional hearing was held on November 17, 1981, when foster care was continued. A review hearing was held on February 16, 1982, at which the decision was made to return the children to the mother's custody. Custody in the respondent was continued at the review hearing on July 8, 1982. Subsequently, the children were returned to foster care after a hearing on October 19, 1982. Parental rights were terminated after a dispositional hearing which began on December 16, 1982, continued on December 17 and 20, 1982, and concluded on February 16, 1983.

We conclude that respondent's claim of error at the preliminary hearing was waived by her failure to claim error prior to her appeal in this Court. Respondent has been represented by counsel since August 17, 1981. Since that time, counsel has appeared in court representing respondent many times. The failure to object to the procedure used at the preliminary hearing prior to the adjudicative hearing waived this claim of error with respect to the preliminary hearing. We do not view a deficiency in the procedure at the preliminary hearing to be equivalent to a complaint which, on its face, is inadequate. Such a defect in the complaint is jurisdictional. *People v Turja,* 157 Mich 530, 532; 122 NW 177 (1909). A violation of the court rules governing procedure at the hearing is not, however, jurisdictional. Respondent has waived her right to object to the failure to advise her of the right to counsel at the outset of the preliminary hearing.

Respondent's claim of error is based on the provisions of Michigan's Juvenile Court Rules of 1969. The provisions of the rules concerning advice

on the right to counsel are somewhat confusing. Because of the fundamental importance of counsel's role in termination proceedings, we deem it advisable to discuss respondent's claim that advice on the right to counsel should be given at the outset of the preliminary hearing.

JCR 1969, 6.1(A) requires the court to advise the child's parents "at the first hearing before the court" that they may be represented by counsel and that counsel may be appointed under subrule 6.3. This rule does not indicate at what point during the first hearing advice of the right to counsel must be given. JCR 1969, 4.2(B)(4) provides that the judge at the preliminary hearing shall advise the child's parents of their right to counsel "as provided by Rule 6". We conclude that no specific provision of the juvenile court rules governs the timing of the advice of the right to counsel at a preliminary hearing. We believe, however, that consideration of other provisions impels the inference that advice of the right to counsel should be given at or near the beginning of the hearing. JCR 1969, 4.2(B)(6) provides that a preliminary hearing may be continued for no longer than is reasonably required for attendance of witnesses or "for obtaining counsel". To allow the court to grant a continuance in order to allow a party to obtain counsel without requiring that advice concerning the right to counsel be given before the hearing is concluded would provide relatively few parents facing termination the opportunity to exercise their right to counsel at the preliminary hearing. We believe that provision for a continuance to obtain counsel at the preliminary hearing was made to allow parents who have just learned of their right to counsel an opportunity to exercise that right. To read the court rule as

requiring advice on the right to counsel only after the opportunity for a continuance to obtain counsel has passed would render meaningless for the great majority of parents facing termination of their rights the provision allowing continuance to obtain counsel.

We also believe that the general outline of JCR 1969, 4.2, governing the procedure at preliminary hearings, strongly supports the conclusion that advice on the right to counsel should be given at the beginning of the hearing. JCR 1969, 4.2(B) provides the procedure at the preliminary hearing. Subsections (1) and (2) require the judge to ascertain that the parents have been notified and provide the procedure to be followed if they are not present. Subsection (3) requires the judge to read the allegations in the complaint and explain the nature of the proceedings. Subsection (4), about which we are concerned, requires the judge to advise the parents of their right to counsel as provided by rule 6. Subsection (5) is not applicable to neglect proceedings. Subsection (6) requires the judge to determine from the complaint and the investigation if there are grounds for authorizing a petition and for detention. This investigation and determination is the real substance of the preliminary hearing; it is this part of the hearing at which the assistance of counsel might be helpful. Subsection (7) governs procedure "[a]t the conclusion of the preliminary hearing". Subsection (8) requires advice of the right to a hearing "[i]n the event a petition is authorized". Subsection (9) applies "[i]n the event detention is ordered".

JCR 1969, 4.2 displays a clear scheme of organization. Where actions are to be taken at the conclusion of the hearing, as in subds (7), (8) and (9), it is clearly stated. With the exception of subd

(4) governing the advice of the right to counsel, subds (1) to (5) all clearly refer to actions which must be taken at the beginning of the hearing. We can only conclude that the Supreme Court intended subds (1) to (5) to be preliminary requirements for the hearing, subd (6) to govern the substance of the proceedings, and subds (7) to (9) to govern the actions to be taken at the close of the proceedings. Advice on the right to counsel should be given at the beginning of the preliminary hearing governed by JCR 1969, 4.2. Such advice should be given at the time the judge explains the nature of the proceedings to the individuals involved. See JCR 1696, 4.2(B)(3).

Appellees (the Department of Social Services and the three children) argue that respondent had a right to *appointed* counsel only at subsequent hearings and that she was not, therefore, harmed by the failure to advise her of her right to counsel at the preliminary hearing. We disagree. JCR 1969, 6.3(A)(2)(b) governs the appointment of counsel for parents in parental rights termination proceedings. Counsel shall be appointed on the court's own motion to represent the indigent parents charged with an offense against the child at "hearings which may involve termination of their rights". It is not clear to this Court that the preliminary hearing is a hearing "which may involve termination of [parental] rights". Even if it is not such a hearing, however, appellees' claim must be rejected. JCR 1969, 6.3(A)(2)(b) allows the court, upon request, to appoint counsel to represent parents at other hearings conducted under provisions of the Juvenile Code or the Juvenile Court Rules. We cannot conclude that the judge would not have exercised his discretion to appoint counsel had a proper request been made. The

failure properly to advise persons facing termination of their parental rights of their right to counsel at the preliminary hearing is error.

Respondent next claims that the trial judge erred by failing to inform her personally of the potential consequences of her stipulation to the factual allegations made in the neglect petition. This stipulation was made by respondent, while represented by counsel, at the beginning of the adjudicative hearing. We find no error. We find no duty imposed on the trial judge to impart information concerning the consequences of a stipulation to a parent represented by counsel. It is for the Supreme Court, which promulgates the rules governing procedure in neglect hearings, to impose a rule requiring specific advice to parents facing termination of their parental rights. It is not fundamentally unfair to assume that counsel spoke for the respondent in making the stipulation of facts.

Respondent also claims that the trial judge erred by concluding that clear and convincing evidence supported the termination of her parental rights. We disagree. The evidence supporting termination was both ample and persuasive. Substantial evidence was presented showing long-term neglect of all three children. The trial court properly found neglect from respondent's actions both while she had custody of the children and while she did not. The judge's finding that respondent's neglect seriously threatened the well-being of her children was fully supported by the evidence. There is also ample support in the record for his finding that it was improbable that respondent would develop the ability to provide a fit home for her children in the future.

Different panels of this Court have reached dif-

ferent conclusions on the question of the proper standard of review for the findings in parental neglect cases. See *In the Matter of Mudge,* 116 Mich App 159, 161; 321 NW2d 878 (1982). We believe that *de novo* review of probate court factual findings is inappropriate and that such findings should be set aside only if clearly erroneous. See MCL 600.866(3); MSA 27A.866(3); GCR 1963, 517.1. See also *In the Matter of Adrianson,* 105 Mich App 300; 306 NW2d 487 (1981). We note, however, that our conclusions would be the same as those of the probate judge if we had based them on a *de novo* review of the record.

Affirmed.