IN THE MATTER OF MASON

Docket No. 72968. Submitted June 26, 1984, at Grand Rapids.—Decided January 4, 1985.

> Michael Jay Mason, minor child of Sandra Lou Mason and Michael L. Mason, was made a temporary ward of the Kent Probate Court, Juvenile Division, in June, 1982, pursuant to a petition filed by the Department of Social Services alleging parental neglect. The parents agreed to the substance of that petition. The parents signed a "parent-agency agreement" and agreed to a treatment plan whereby each would complete parenting classes, visit with the child on a regular basis and attend and invest in therapy. In June, 1983, a petition for termination of parental rights was filed. At the evidentiary hearing on that petition there was testimony relative to the failure of the father to comply with the provisions of the treatment plan and testimony that the mother had failed to regularly attend the parenting classes, that she had failed to keep some of the visitation sessions and that she had shown so little improvement in resolving her emotional problems as a result of the counseling sessions that it was the opinion of the psychologist who had counseled with the mother that a further six months or year of therapy would probably not produce any significant improvement. The mother testified that her failure to keep visitation appointments was caused by circumstances beyond her control and that, in her opinion, she was benefiting from the counseling sessions. The probate court, Randall J. Hekman, J., found parental neglect, basing that determination on the failure to adequately comply with the treatment program and, as to the mother, on the testimony that counseling had been ineffective in resolving her emotional problems, and

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 59 Am Jur 2d, Parent and Child §§ 39, 40.
  Validity of state statute providing for termination of parental rights. 22 ALR4th 774.
[2] 42 Am Jur 2d, Infants § 16.
  47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 30.
  Parent's involuntary confinement, or failure to care for child as result thereof, as evincing neglect, unfitness, or the like in dependency or divestiture proceeding. 79 ALR3d 417.

ordered that the parental rights of each parent be terminated. Sandra Lou Mason appealed. *Held:*

1. Termination of parental rights by reason of neglect is warranted only where the state has carried its burden of proving by clear and convincing evidence that termination is warranted because of real evidence of long-term neglect or serious threats to the future welfare of the child.

2. A parent's failure to fully comply with a Department of Social Services treatment plan does not alone establish neglect, at least in the absence of clear and convincing evidence that the treatment plan was necessary to improve the parent's alleged neglectful behavior.

3. Since there was no clear and convincing evidence that the parenting classes required as part of the treatment plan would have aided the mother in caring for her child, her failure to regularly attend those classes did not establish the neglect necessary to warrant termination of her parental rights.

4. The failure of the mother to keep the visitation sessions appears to be for reasons beyond her control.

5. In view of the regular attendance of the mother at the counseling sessions, her testimony that she believed she was making progress and the limited amount of counseling which had been undertaken by the time the petition for termination of rights had been filed, the testimony of the psychologist does not constitute clear and convincing evidence of neglect.

6. Whether reviewed under either the clearly erroneous or *de novo* standards of review, the record does not establish by clear and convincing evidence that there has been long-term neglect or that there are serious threats to the future welfare of the child.

Reversed and remanded.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — BURDEN OF PROOF — EVIDENCE.

A probate court is authorized to terminate the parental rights of a parent or guardian of a child where the parent or guardian is unable to provide a fit home for the child by reason of neglect; the state bears the burden of proving by clear and convincing evidence that termination of parental rights is warranted because of real evidence of long-term neglect or serious threats to the future welfare of the child (MCL 712A.19a[e]; MSA 27.3178[598.19a][e]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — CHILD NEGLECT.

The failure of a parent to fully comply with a Department of

Social Services treatment plan which was instituted pursuant to a parent-agency agreement between the parent and the department following the temporary removal of the child from the custody of the parent does not alone establish neglect warranting the termination of parental rights of such parent in his or her child where there is no clear and convincing evidence that the treatment plan was necessary to improve the parent's allegedly neglectful behavior in the care of the child.

*David H. Sawyer,* Prosecuting Attorney, and *David R. Gersch,* Assistant Prosecuting Attorney, for the Kent County Department of Social Services.

*Jerry Marvin Beurkens,* for Sandra Lou Mason.

Before: R. M. MAHER, P.J., and BRONSON and G. McDONALD,* JJ.

PER CURIAM. Respondent Sandra Lou Mason appeals as of right from the probate court's order terminating her parental rights in her minor child pursuant to MCL 712A.19a(e); MSA 27.3178(598.19a)(e). Respondent Michael Leroy Mason has not appealed the order terminating his parental rights.

Section 19a(e) authorizes termination if the probate court finds that the "parent or guardian is unable to provide a fit home for the child by reason of neglect". The state bears the burden of proving by clear and convincing evidence that termination of parental rights is warranted. *In the Matter of Bidwell,* 129 Mich App 499, 504; 342 NW2d 82 (1983). To justify termination of parental rights based on neglect, "real evidence of long-term neglect or serious threats to the future welfare of the child" must be shown. *Fritts v Krugh,* 354 Mich 97, 116; 92 NW2d 604 (1958); *In the Matter of Moore,* 134 Mich App 586, 593; 351

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 615 (1984). Panels of this Court have applied both a *de novo* and a clearly erroneous standard of appellate review in termination cases. *In the Matter of Bailey,* 125 Mich App 522, 527; 336 NW2d 499 (1983); *Moore, supra,* pp 593-594. *Cf., In the Matter of Irving,* 134 Mich App 678; 352 NW2d 295 (1984); *In the Matter of Jones,* 137 Mich App 152; 357 NW2d 840 (1984).

This Court has carefully reviewed the record and finds that the probate court's order terminating respondent's parental rights is not supported by clear and convincing evidence of neglect. The child was made a temporary ward of the court in June, 1982, about three months after respondent first contacted protective services requesting help because she was having difficulty with the child. A "parent-agency agreement" was signed and a treatment program was set up which required the parents to complete parenting classes, to visit the child on a regular basis, and to attend and invest in therapy sessions. Termination of respondent's parental rights was based primarily on her alleged failure to adequately comply with the treatment program and on the testimony of a clinical psychologist who had counseled with respondent.

A parent's failure to fully comply with a Department of Social Services treatment plan does not alone establish neglect, at least in the absence of clear and convincing evidence that the treatment plan was necessary to improve the parent's alleged neglectful behavior. See *Moore, supra,* p 598. As to respondent's failure to regularly attend parenting classes, there was no clear and convincing evidence that the classes in which respondent was enrolled would have aided her in caring for the minor child. With regard to the visitation sessions, it appears from the evidence that respondent's failures in keeping visitation appointments were

essentially due to circumstances beyond her control rather than to wilful failure on her part to keep the appointments. Furthermore, as to the counseling sessions, the evidence shows that respondent did regularly attend and invest in therapy sessions and, at least in her opinion, was benefiting from them. We believe the evidence establishes that respondent did make a legitimate effort to comply with the treatment program and to improve her ability to care for the child. Her shortcomings were due primarily to ignorance and circumstances beyond her control rather than to wilful neglect.

This Court also finds that the testimony of clinical psychologist Wood does not constitute clear and convincing evidence of neglect. At the time the petition for termination was filed in June, 1983, the counseling sessions had been held for only eight months, with one 50-minute session per week. Mr. Wood felt that very little had been accomplished in resolving respondent's emotional problems and that an additional period of six months or one year of therapy would probably not produce any significant progress. We note, however, that respondent did regularly attend the sessions and testified that she believed she was making progress. In this Court's opinion, the brief period of therapy involved in this case was insufficient to warrant a finding that respondent would be unable to make significant progress in the near future. Respondent was simply not given adequate time to improve her condition to the point where she could care for the minor child.

Applying either the clearly erroneous or the *de novo* standard of review, we hold that the record does not establish clear and convincing evidence that there has been long-term neglect or there are serious threats to the future welfare of the minor

child. The order of termination is reversed and the case is remanded to the probate court for further proceedings. The child is to continue as a temporary ward of the court until a final resolution of the matter is made by the probate court.

Reversed and remanded.