DETROIT BANK & TRUST COMPANY *v.* GRUNEWALD

1. INTERNAL REVENUE — ESTATE TAX — STATUTES — JURISDICTION — PROBATE COURT.

   The Uniform Estate Tax Apportionment Act reposes in the probate court exclusive jurisdiction to determine the apportionment of estate taxes (MCLA § 720.11 *et seq.*).

2. INTERNAL REVENUE—ESTATE TAX—METHOD OF APPORTIONMENT—WILLS.

   The right to alter or omit the statutory method of apportionment of estate taxes may be exercised only by the decedent's will (MCLA § 720.12).

3. INTERNAL REVENUE—ESTATE TAX—METHOD OF APPORTIONMENT—WILLS—TRUSTS.

   Unambiguous language of a decedent's will controls the method to be used in the apportionment of estate taxes despite conflicting directions in a separate trust instrument (MCLA § 720-.11 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5]   42 Am Jur 2d, Inheritance, Estate, and Gift Taxes §§ 305, 307.

[2, 3]   42 Am Jur 2d, Inheritance, Estate, and Gift Taxes §§ 4, 341–346, 386–392.

4. INTERNAL REVENUE—ESTATE TAX—PROBATE COURTS—JURISDIC-
TION.

The probate court has jurisdiction over all matters relating to the
administration and settlement of estates, including the ad-
mission of wills to probate, and it follows that the legislature
has given probate courts exclusive jurisdiction to determine
the method of apportionment of estate taxes as this issue
depends upon the admission of the will to probate, a matter
uniquely within the province of that court (MCLA § 720.11
*et seq.*).

5. INTERNAL REVENUE—ESTATE TAX—INHERITANCE TAX—PROBATE
COURTS—CIRCUIT COURTS—JURISDICTION—ACCELERATED JUDGMENT.

Granting of accelerated judgment *held* proper where trustee
brought action in circuit court for instructions and declaratory
judgment to determine its obligation to pay estate and in-
heritance taxes because probate court, not circuit court, has
exclusive jurisdiction over the matter (MCLA § 720.11 *et
seq.*).

Appeal from Oakland, Clark J. Adams, J. Sub-
mitted Division 2 December 3, 1969, at Detroit.
(Docket No. 6,709.) Decided September 28, 1970.
Leave to appeal denied December 2, 1970. 384 Mich
787.

Complaint by the Detroit Bank & Trust Company,
trustee of an *inter vivos* trust of Ingeborg K. Cor-
nelius, against Carson C. Grunewald, co-executor of
the will of Ingeborg K. Cornelius, deceased, Lillian
H. Zimmerman, Robert H. Zimmerman, Robert
Craig Zimmerman, Sarah Zimmerman, Ingrid Ar-
villa Cornelius Diemer, Willard M. Cornelius, Jr.,
Olaf Knudsen, Adrian College, and unknown claim-
ants, for a declaratory judgment and instructions
to determine liability of the trust for payment of
estate and inheritance taxes. Detroit Bank & Trust
Company added as a defendant in its capacity as
co-executor of the will of Ingeborg K. Cornelius.
Accelerated judgment dismissing the complaint.
Plaintiff, defendant Grunewald, and defendants
Zimmerman appeal. Affirmed.

*Bodman, Longley, Bogle, Armstrong & Dahling*
(*George D. Miller, Jr.,* of counsel), for appellants.

*Butzell, Eaman, Long, Gust & Kennedy* (*George E. Brand, Jr.,* of counsel), for appellees.

Before:   R. B. BURNS, P. J., and HOLBROOK and V. J. BRENNAN, JJ.

V. J. BRENNAN, J.   The Detroit Bank and Trust Company is sole trustee under an irrevocable *inter vivos* trust established by the late Ingeborg K. Cornelius and also co-executor under her will.   In its capacity as trustee of the trust, the bank petitioned the Circuit Court of Oakland County for instructions and a declaratory judgment to determine its obligation, if any, to pay from funds of the trust a part of the Federal Estate Tax and Michigan Inheritance Tax on the trust.   The deceased retained life income and thereby subjected the trust to estate tax.   The defendants-appellees, beneficiaries of the trust, moved for accelerated judgment on the grounds that the question was within the exclusive jurisdiction of the probate court.   The trial court agreed.   The defendants-appellants, the co-executors and some beneficiaries under the will, appeal this ruling.

The controversy arises because of a conflict between the language of the trust and decedent's will. Trust Article *Fourth* provides in part:

"3. Upon the Trustor's [Ingeborg K. Cornelius] death if any inheritance, estate, transfer or succession taxes, or any interest or penalties thereon, shall be payable by the Trustor's estate or by any person interested therein, by reason of or with respect to the inclusion of the trust estate or any part thereof in the Trustor's taxable estate, the Trustee shall pay

when due that proportion of said tax or taxes or interest or penalties that the value of the trust estate subjected to such tax or taxes bears to the total property so taxed after making due allowance for deductions, exemptions and other elements of the tax computation that the Trustee considers pertinent."

Paragraph *Second* of decedent's will, executed one year later, provides:

"I further direct my executor, and its substitute or successors, to pay out of the residue of my estate all inheritance, estate, legacy, succession and other death taxes and duties payable in respect to my property passing under this Will and also in respect to property comprising part of my taxable estate, although not passing under this Will, and I desire that my executor not apportion such taxes to the share of any beneficiary hereunder nor seek reimbursement or contribution therefor from any beneficiary or transferee of my property."

Appellants contend that the action here is one for construction of an *inter vivos* trust and is within circuit court jurisdiction. Appellees contend that since the executors are seeking to determine who must pay estate taxes, they are really raising a question of apportionment under the guise of construction of a trust. It should be noted that the trust language is clear and unambiguous, even though inconsistent with the will, and therefore need not be construed. The reasoning of the trial court that this is an attempt to have the circuit court determine the apportionment of taxes due from the estate is compelling.

The original complaint in circuit court stated that the parties were "unable to agree as to the plaintiff's right or duty to contribute  *  *  *  to the payment of taxes on the estate", and prayed that the court

decide the trustee's liability.   Put another way,
plaintiff sought to have the court determine whether
there would be apportionment of estate taxes, and
if so, plaintiff's liability for them.   There is no ques-
tion but that the circuit court could not grant the
relief requested without construing *the will* and
making a determination of the apportionment of
the estate taxes therefrom.   This is precisely what
the statute forbids.

The Uniform Estate Tax Apportionment Act,
MCLA § 720.11 *et seq.,* (Stat Ann 1970 Cum Supp
§ 27.3178 [167.101 *et seq.*]) provides:

"Sec. 1.   As used in this act:
"(a) 'Estate' means the gross estate of a dece-
dent as determined for the purpose of federal estate
tax and the estate tax payable to this state.

\*      \*      \*

"Sec. 3.   (a) The probate court having jurisdic-
tion over the administration of the estate of a dece-
dent *shall* determine the apportionment of the tax.
\*   \*   \*   "   (Emphasis supplied.)

From this language it is clear that the legislature
intended to repose in the probate court exclusive
jurisdiction to decide the apportionment of estate
taxes.   Since MCLA § 720.12 (Stat Ann 1970 Cum
Supp § 27.3178 [167.102]) specifies that the right
to alter or omit apportionment may be exercised
by *will* only, where the directive clause of a trust
conflicts with the unambiguous language of a will,
the language of the will controls and payment of
taxes should be made in accordance with the will.

The probate court has jurisdiction over all mat-
ters relating to the administration and settlement
of estates, including the admission of wills to pro-
bate.   *Schutz* v. *Read* (1938), 284 Mich 548.   It fol-
lows that the legislature has given probate courts

exclusive jurisdiction in the area because apportionment depends upon the admission of the will to probate—a matter uniquely within the province of probate courts.

We hold that the action initiated below was an infringement of the probate court's exclusive jurisdiction contrary to statute, and that the grant of accelerated judgment was proper.

Affirmed.

The question here raised by the co-executor, Detroit Bank and Trust, is so academic and so clearly presumed to be within the knowledge of an institution which holds itself out as having special skill in this area that the propriety of their intervention is questionable. It is therefore ordered that the Detroit Bank and Trust in its capacity as co-executor or as trustee shall not tax the estate for the costs of this appeal.

All concurred.