*In re* ROE ESTATE

Docket No. 101159. Submitted March 1, 1988, at Lansing. Decided July 5, 1988.

First of America Bank-Central, as personal representative of the estate of Bernice Olds Roe, deceased, petitioned the Eaton County Probate Court for a determination of whether estate taxes on the decedent's estate should be apportioned pursuant to the Uniform Estate Tax Apportionment Act or paid from the residue of an inter vivos trust to which, under the provisions of her will, decedent bequeathed all of her property to the trustee, First of America Bank-Central. The trust had provided for the payment of estate taxes out of the residue of the trust after the payment of decedent's debts and funeral expenses and seven specific bequests. After that, the residue was to be distributed in equal shares to decedent's children, or their respective children. The probate court, Robert C. Ballard, J., determined that estate taxes should be apportioned pursuant to the act in the absence of a provision in decedent's will for the payment of estate taxes other than by apportionment among all persons interested in the estate. First of America appealed. Respondents to the petition in the probate court and appellees in the appeal are great-grandchildren of the decedent whose interest in the trust residue would be substantially diminished by the apportionment of estate taxes.

The Court of Appeals *held:*

Under the Uniform Estate Tax Apportionment Act, unless the will provides otherwise, estate taxes shall be apportioned among all persons interested in the estate. Here, although the trust made provisions for the payment of estate taxes, the will itself did not provide for a method of tax payment other than by apportionment nor did it incorporate the trust by reference to provide for a method of payment other than by apportionment.

Affirmed.

REFERENCES

Am Jur 2d, Inheritance, Estate, and Gift Taxes §§ 341 *et seq.*

What law governs apportionment of estate taxes among persons interested in estate. 16 ALR2d 1282.

TAXATION — ESTATE TAXES — UNIFORM ESTATE TAX APPORTIONMENT
     ACT.
     Estate taxes shall be apportioned among all persons interested in
     an estate in the proportion that the value of the interest of
     each person interested in the estate bears to the total value of
     the interests of all persons interested in the estate unless the
     decedent's will clearly and unambiguously provides otherwise
     (MCL 720.12; MSA 27.3178[167.102]).

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Joe C. Foster, Jr.*), for petitioner.

*Schwendener & Valade, P.C.* (by *Alan M. Valade* and *Joyce E. Hensley*), and *Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *Catherine A. Jacobs*), for respondents.

Before: SAWYER, P.J., and M. J. KELLY and J. J. RASHID,* JJ.

M. J. KELLY, J. The personal representative of decedent's estate petitioned the probate court to determine whether estate taxes on decedent's estate should be apportioned pursuant to the Uniform Estate Tax Apportionment Act, MCL 720.11 *et seq.;* MSA 27.3178(167.101) *et seq.,* or whether the estate taxes should be paid from the residue of decedent's trust. From a determination that estate taxes should be apportioned pursuant to the act, petitioner appeals as of right. Petitioner is joined in this appeal by appellees, great-grandchildren of decedent, represented by the guardian ad litem.

On October 11, 1979, decedent, with the assistance of her attorney, executed her will and a revocable inter vivos trust. The will provided in part:

*FIRST:* I make no direction for the payment of funeral expenses, lawful claims, costs of adminis-

* Circuit judge, sitting on the Court of Appeals by assignment.

tration, and taxes assessed by reason of my death, as I have provided for their payment under a certain Agreement hereinafter mentioned.

*SECOND:* All of the rest, residue and remainder of my estate, of whatsoever kind and character and wheresoever situated, whether real, personal or mixed, I give, devise and bequeath to the Trustee, namely: AMERICAN BANK & TRUST COMPANY, to be added to or become a part of that certain Trust established under an Agreement dated the eleventh day of October A.D., 1979, wherein I am the "TRUSTOR". My intention is to identify the said Trust Agreement and not to incorporate it by reference into this Will, nor to cause the residue of the estate after delivery thereof to the Trustee under said Trust to be subject to the jurisdiction of the Probate Court, but to add such residue to the property constituting the trust estate under said Trust Agreement, and to have the same held, managed and controlled as constituting a part of said trust estate. If, for any reason, the said Trust shall not be in existence at the time of my death, or if for any reason a Court of competant [sic] jurisdiction shall declare this testamentary transfer to the Trustee of said Trust to be invalid, then I declare that the said residue shall be held, managed, invested and reinvested in exactly the same manner as described in said instrument of Trust, and any amendments thereto, for the period beginning with the date of my death, by the same Trustee who is to serve hereunder; and for that purpose, I do hereby incorporate this same instrument of Trust and any amendments thereto, by reference, into this, my Last Will and Testament. The operation of this paragraph shall not be affected by subsequent revocation of the said Trust Agreement, but that Agreement, and any amendments thereto, shall remain in effect for the purpose of expressing the Trusts imposed by my residuary estate and of defining the duties, powers, authority and immunity of the Trustee.

The pertinent part of the trust provides:

> Upon the death of said Trustor, the Trustee shall pay all of the Trustor's lawful debts, together with funeral expenses, as well as any other expenses incident to Trustor's death, as well as all inheritance, estate and succession taxes of every déscription occasioned by Trustor's death and properly assessed in respect of all property comprising Trustor's gross estate for death tax purposes, whether or not such property passes under this agreement, under Trustor's Will, or otherwise, and the Trustee shall not seek contribution from anyone for any portion of the taxes so paid.

The trust went on to provide that after the payment of all trustor's lawful debts, funeral expenses, and other expenses incident to the trustor's death (including estate taxes), seven specific bequests were to be made (including a class gift to decedent's great-grandchildren). After that, the residue would be distributed in equal shares to decedent's children, or their respective children, share and share alike. Respondents are grandchildren of the only child of decedent who predeceased decedent. Under the trust they share one-quarter of the remaining residue following payment of expenses and the seven specific bequests. The amount they take increases if taxes are apportioned and diminishes if taxes are paid pursuant to the trust. The amount is substantial. Decedent's gross estate for federal income tax purposes is approximately 2.7 million dollars, federal estate taxes alone exceed $800,000.

That portion of the Uniform Estate Tax Apportionment Act relied on by the probate court provides:

> Unless the will otherwise provides, the tax shall be apportioned among all persons interested in the estate. The apportionment shall be made in the proportion that the value of the interest of each

person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax shall be used for that purpose. In the event the decedent's will directs a method of apportionment of tax different from the method described in this act, the method described in the will shall control. [MCL 720.12; MSA 27.3178(167.102).]

The trial court found that the intent of the drafters of the act was that a contrary method of apportionment must be set forth in the will itself, or the act will apply. Based on the statement of the testator in the will that she was not providing for payment of taxes in her will and the fact that, although the testator identifies the trust agreement in her will, the testator states that it was not her intention to incorporate the trust by reference into her will, the trial court rejected petitioner's argument that the intent of the testator was that taxes be paid according to the trust agreement. The trial court concluded that § 2 of the tax apportionment act applied since the testator did not direct in her will a method of apportionment of estate taxes different from the method described in the act.

The principal reason and purpose of the enactment of an estate tax apportionment statute "is to avoid the result sometimes attendant upon the general rule that the burden of estate taxes . . . falls upon the residuary estate and, usually, the natural objects of the testator's bounty." Anno: *Construction and application of statutes apportioning or prorating estate taxes,* 71 ALR3d 247, 255. In particular, enactment of a tax apportionment statute is an attempt to avoid the hardship that results when the residual estate becomes liable for estate taxes on property not included in the probate estate of the decedent. *Id.* For example, the

gross estate for federal estate tax purposes includes jointly held property and proceeds from life insurance policies on decedent, categories that do not pass through the probate estate. See 26 USC 20.2041 and 20.2042. The aim of an apportionment statute is to promote the presumed intent of most testators by enacting a "burden on the recipient" rule as opposed to a burden on the residue, in order to ensure an equitable allocation of the burden of the tax among those actually affected by that burden. See 71 ALR3d 270.

Petitioner, joined by appellees great-grandchildren (represented by the guardian ad litem), reason that the intent of the testator should prevail over application of the apportionment statute. They contend that decedent's intent here is clear: the trust agreement requires the trustee to pay all estate and inheritence taxes and the will states that the testator makes no direction for payment of taxes "as I have provided for their payment."

Taking this language, coupled with the facts that the trust and will were executed on the same day and the trust contains virtually all the assets of the decedent's estate (with the exception of certain life insurance proceeds amounting to approximately $880,000), and these assets all went into the trust, these two parties contend that the intent of the testator was clear. They conclude that decedent's intent was that all taxes be paid out of the residue of the trust.

"The primary goal of the Court in construing a will is to effectuate, to the extent consistent with the law, the intent of the testator." *In re Edgar Estate*, 425 Mich 364, 378; 389 NW2d 696 (1986). Here, however, appellant's construction of the intent of the testator is not consistent with the law. The law in Michigan provides that "unless the will provides otherwise" taxes are to be apportioned.

MCL 720.12; MSA 27.3178(167.102). "[T]he right to alter or omit apportionment may be exercised by will only." *Detroit Bank & Trust Co v Grunewald,* 26 Mich App 495, 499; 182 NW2d 628 (1970).

Although not directly addressed in Michigan, other jurisdictions which have adopted the Uniform Estate Tax Apportionment Act have held that a directive against apportionment should be expressed in clear and unambiguous language. See *In re Estate of Hilliar,* 498 P2d 1237, 1239 (Wyo, 1972); *In re Ogburn's Estate,* 406 P2d 655, 657-658 (Wyo, 1965). There is said to be a strong policy in favor of apportionment and the burden of proof rests with those arguing against it. See *In re Ogburn's Estate, supra,* and 71 ALR3d 310. Here, while it is true that the will states that the decedent has provided for the payment of estate taxes, the will does not inform how. The will does not "otherwise provide." The will does not "provide" nor does it "direct a method." The only instrument which appellant contends does inform how taxes were to be paid was specifically not incorporated by reference into the will by the testator. Based on a reading of the will, specifically that part which states that the will does not provide for payment of taxes and does not incorporate the trust by reference, we cannot conclude that the trial court erred in its conclusion that the will does not provide for other than proration of estate taxes. Appellant has failed to carry its burden against apportionment. Contrary to its argument, we find the intent of the testator is not clear.

The guardian ad litem makes an additional argument that, regardless of whether proration is applicable, appellees' (the great grandchildren's) shares should not be charged with estate taxes. The guardian ad litem's argument relies on that phrase in § 2 of the act that provides: "the tax

shall be apportioned among all persons interested in the estate." Section 1 of the act, the definition section, provides in part:

"Person interested in the estate" means any person entitled to receive, or who has received, from a decedent or by reason of the death of a decedent any property or interest therein included in the decedent's estate. It includes a personal representative, guardian, and trustee. [MCL 720.11(c); MSA 27.3178(167.101)(c).]

From this definition, since persons interested in the estate includes a trustee, the guardian ad litem concludes that the only persons interested in the estate, and thus liable for estate taxes, are the trustee (the sole devisee under the will) and the beneficiaries of the life insurance policies on decedent. The guardian ad litem concludes that since the trustee is contractually bound by the trust agreement, it is responsible for all estate taxes, with the exception of those taxes chargeable on the life insurance proceeds.

However, since the only matter up for decision of this Court is whether the trial court erred in determining that estate taxes should be prorated, and not who were "interested persons" for purposes of tax apportionment, the guardian ad litem's additional argument, although engaging, addresses a matter not yet before this Court.

Affirmed.