*In re* WEBB H COE MARITAL AND RESIDUARY TRUSTS

Docket No. 203637. Submitted November 3, 1998, at Detroit. Decided January 22, 1999, at 9:15 A.M. Leave to appeal sought.

The Webb H. Coe Marital and Residuary Trusts were established upon the death and pursuant to the last will and testament of Webb Coe. Hazel Coe, widow of Webb Coe, was the beneficiary of the trusts. Webb Coe's will provided that the residuary trust was to be divided between Phyllis J. Finney and Barbara A. Green, daughters of Webb and Hazel Coe, upon Hazel Coe's death. The will further provided that Hazel Coe had power of appointment over the marital trust to direct the disposition of the corpus of that trust and that if such power were not exercised, the corpus of the trust, upon Hazel Coe's death, would become part of the residuary trust to be divided between Phyllis Finney and Barbara Green. Hazel Coe did not exercise the power of appointment over the marital trust and died with a will that directed her personal representative, Phyllis Finney, "to pay all death taxes imposed by reason of my death" and "not to seek reimbursement of taxes from, and not to apportion any taxes among any persons receiving property by reason of my death." When the trustee of the marital trust paid federal and state estate taxes generated by the inclusion of the marital trust in Hazel Coe's taxable estate, Richard Green, Robert Green, and Terri Waldorf, children and heirs of Barbara Green, deceased, filed a petition in the Wayne County Probate Court against Phyllis Finney, personal representative of the estate of Hazel Coe, to object to such payment from the marital trust. The court, June Blackwell-Hatcher, J., granted summary disposition for the petitioners and ordered the estate of Hazel Coe to reimburse the marital trust for estate taxes paid plus interest from the date such taxes were paid out of the trust, deciding that language in Hazel Coe's will regarding payment of taxes was more than a general direction to pay taxes and thus overrode statutory provisions that would have required the apportionment of taxes among the petitioners and the respondent. The respondent appealed.

The Court of Appeals *held*:

1. Section 2 of the Uniform Estate Tax Apportionment Act, MCL 720.12; MSA 27.3178(167.102) provides that unless a will otherwise provides, the tax shall be apportioned among all persons interested

in the estate. Subsection 133a(2) of the Revised Probate Code, MCL 700.133a(2); MSA 27.5133(1)(2), provides that a general direction in a will to pay all taxes imposed because of a testator's death shall not be construed to include taxes imposed because of the testator's exercise, nonexercise, or release of a power of appointment unless the testator expressly manifests an intention that taxes so imposed be paid out of the testator's estate. In this case, the plain language of Hazel Coe's will manifested her desire to avoid apportionment of taxes among persons receiving property as a result of her death.

2. By failing to cite supporting authority, the respondent has waived for appellate review her claim that interest on the reimbursement ordered by the probate court should run from the date the petitioners objected to payment of estate taxes out of the marital trust.

Affirmed.

WILLS — APPORTIONMENT OF ESTATE TAXES.

Apportionment of estate taxes among persons with interest in an estate, as provided by statute, may be altered or omitted only by a provision in the testator's will; the primary goal of a court construing a will to determine whether the testator expressly manifested an intention that taxes be paid out of the estate and not apportioned is to effectuate the testator's intent consistent with the law; the burden of proving that the testator manifested an intent against apportionment rests with the party opposing apportionment (MCL 700.133a[2], 720.12; MSA 27.5133[1][2], 27.3178[167.102]).

*Heritier Nance & Sheridan* (by *John P. Sheridan*), for Richard Green, Robert Green, and Terri Waldorf.

*Berry Moorman, P.C.* (by *Dennis M. Mitzel*), for Phyllis Jane Finney.

Before: HOOD, P.J., and GRIFFIN and MARKEY, JJ.

MARKEY, J. Respondent Phyllis Jane Finney, personal representative of the Estate of Hazel M. Coe, appeals by right the probate court's order granting petitioners-appellees' motion for summary disposition upon finding that the language in Hazel Coe's will was more than a "general direction" that all taxes associated with her estate be paid by the estate. We affirm.

When Webb H. Coe, husband of Hazel M. Coe, died in 1978, he established through estate planning a Marital Trust and a separate Residuary Trust for the benefit of respondent Phyllis J. Finney, their daughter, and petitioners Richard Green, Robert Green, and Terri Waldorf, the children of their deceased daughter Barbara A. Green. The Residuary (or Family) Trust included $600,000 in Webb's exempt marital assets that were not subject to tax and would be divided with one-half to Phyllis Finney and one-half split among the petitioners, Webb and Hazel's grandchildren. The Marital Trust, with $465,326 in assets, was to be divided in the same manner as explained below. The payment of the tax on these trust assets is the subject of this appeal.

Hazel M. Coe died in 1994. She owned taxable assets, both probate and nonprobate, valued at $495,490, which respondent Phyllis Finney received by operation of law and specific bequest in the will. Any residue in Hazel Coe's estate would be sold to pay three $5,000 bequests to petitioners, and the remainder would be split between Finney and petitioners.

According to respondent Finney, under federal estate tax laws, the Webb H. Coe Marital Trust was subject to tax only upon the death of the surviving spouse, Hazel Coe, and the trust was subject to tax as part of Hazel's taxable estate despite the fact that it was not technically part of her probate estate because of the existence of a testamentary power of appointment over the trust. Hazel Coe's federal gross estate, without the Marital Trust, was less than the $600,000 federal exemption equivalent and thus would

owe no tax but for the inclusion of the Marital Trust within the estate. Adding the Marital Trust to Hazel Coe's estate generated $91,325 in federal estate tax and $28,426 in Michigan estate tax. The portion of these taxes attributable to the Marital Trust was $60,917. NBD Bank, as trustee for the Marital Trust, paid the trust's share of the federal and Michigan taxes due and owing upon Hazel Coe's death, pursuant to MCL 700.133a; MSA 27.5133(1), but petitioners objected to the Trust's payment of the pro-rata portion of taxes because of the express language of Hazel Coe's will that her estate should pay all death taxes and filed a motion for summary disposition pursuant to MCR 2.116(C)(10).

In essence, the grandchildren do not want their one-half of the Marital Trust to be reduced by one-half of the tax burden associated with the trust. Respondents argued to the probate court that in her will, their grandmother, Hazel Coe, instructed their Aunt Phyllis Finney *not* to apportion the taxes and instead to pay the taxes out of Hazel Coe's estate, which Finney received basically in toto. The Wayne County Probate Court agreed with the petitioners-grandchildren and granted their motion for summary disposition, finding that the language in Hazel Coe's will was more than a "general direction" to pay taxes.[1] Thus, the will overrode the statutory directive

---

[1] We note that at the motion for summary disposition, NBD Bank presented the affidavit of Douglas Rasmussen, the scrivener of Hazel Coe's will. The affidavit apparently stated that it was *not* Hazel's intention to include the Marital Trust within her estate, so she did not specifically mention the Trust. Petitioners argued that because the will language was not ambiguous, parol evidence was not appropriate. Moreover, Rasmussen's firm represented the personal representative and NBD as the trustee. Because the probate court's opinion did not mention Rasmussen's affidavit, one may assume that the court refused to consider it on hearsay and

that would have required the taxes to be apportioned, or paid according to a pro-rata formula, between the beneficiaries of the Webb H. Coe Marital Trust.

Accordingly, the probate court ordered that (1) the Estate of Hazel Coe must reimburse the Trust in the amount of $60,217, which was the amount of taxes attributable to the trust that NBD paid out of the trust, and (2) the Estate would pay statutory interest to the Trust from the date the trust paid the taxes. Hazel Coe's probate estate (i.e., respondent Finney) was therefore liable for the entire federal estate tax burden of $91,325 and the entire Michigan estate tax burden of $28,426 generated by the combined assets in the Marital Trust and Estate of Hazel Coe that exceeded Hazel's $600,000 marital exemption.[2] This appeal ensued.

I

Respondent Finney's first issue on appeal asks whether the tax clause in Hazel Coe's Last Will and Testament was more than a "general direction" to pay taxes and thus overrode the statutory language of MCL 720.12; MSA 27.3178(167.102) and MCL 700.133a; MSA 27.5133(1) to apportion the taxes, i.e., whether the Estate of Hazel Coe was liable for all taxes generated by the Webb H. Coe Marital Trust. According to Finney, the general language in Hazel Coe's will directing that all death taxes should be paid out of

bias grounds. See *In re McPeak Estate*, 210 Mich App 410, 412; 534 NW2d 140 (1995) (absent any ambiguity, the court must determine the testator's intent by reviewing the four corners of the testamentary instrument).

[2] We recognize that $600,000 of Hazel Coe's estate is free from taxation under her unified marital exemption, so we are only addressing the taxes associated with that portion of Hazel's combined estate that exceeds $600,000.

her estate is insufficient to "expressly manifest" an intention that taxes imposed because of the inclusion of her late husband's Marital Trust within her estate should not be apportioned but should be paid out of her estate. Respondent cites no Michigan cases on point because no cases have discussed MCL 700.133a; MSA 27.5133(1), which respondent states controls in this case.

Notably, NBD Bank adopts respondent Finney's arguments on appeal because it is also of the opinion that Hazel Coe's will contained only a "general direction" to pay taxes and, thus, did not override Michigan statutory provisions calling for apportionment of the estate taxes between all beneficiaries of the Marital Trust.

Three items control the resolution of this dispute. They are (1) the Last Will and Testament of Hazel Coe, (2) MCL 720.12; MSA 27.3178(167.102), and (3) MCL 700.133a(2); MSA 27.5133(1)(2). This Court will review de novo issues involving statutory interpretation. With statutory interpretation, our primary goal is to ascertain and give effect to the Legislature's intent. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993); *VanGessel v Lakewood Public Schools*, 220 Mich App 37, 40-41; 558 NW2d 248 (1996). Where reasonable minds can differ concerning a statute's meaning, only then is judicial construction appropriate; otherwise, judicial construction is neither necessary nor permitted when the statute's plain and ordinary meaning is clear. *VanGessel, supra*. We must look to the object of the statute, the harm that it was designed to remedy, and apply a reasonable construction in order to accomplish the statute's purpose. *Id.*

We note, however, that pursuant to MCL 600.866(1); MSA 27A.866(1), "[a]ll appeals from the probate court shall be on a written transcript of the record made in the probate court or on a record settled and agreed to by the parties and approved by the court. *An appeal shall not be tried de novo.*" (Emphasis added.) Thus, while we can interpret the statutes involved with a fresh eye, we must determine whether the probate court's findings of fact were clearly erroneous. See *In re Jones*, 137 Mich App 152, 160; 357 NW2d 840 (1984); *In re Wojan Estate*, 126 Mich App 50, 52-53; 337 NW2d 308 (1983).

The pertinent portion of Hazel Coe's Will reads as follows:

> I further direct my Personal Representative to pay all death taxes imposed by reason of my death. I direct my Personal Representative not to seek reimbursement of taxes from, and not to apportion any taxes among any persons receiving property by reason of my death.

According to § 2 of the Uniform Estate Tax Apportionment Act (UETAA), MCL 720.12; MSA 27.3178 (167.102),

> *[u]nless the will otherwise provides, the tax shall be apportioned among all persons interested in the estate.* The apportionment shall be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax shall be used for that purpose. *In the event the decedent's will directs a method of apportionment of tax different from the method described in this act, the method described in the will shall control.* [Emphasis added.]

Also, pursuant to subsection 133a(2) of the Revised Probate Code, MCL 700.133a(2); MSA 27.5133(1)(2),

> *[a] general direction in a will to pay all taxes imposed on account of a testator's death* shall not be construed to include taxes imposed because of the testator's exercise, nonexercise, or release of a *power of appointment unless the testator expressly manifests an intention that taxes so imposed be paid out of his or her estate.* [Emphasis added.]

In his will, Webb Coe left his wife Hazel a Marital Trust that included the balance of his residuary estate and a Residuary Trust to provide for her care, comfort, and maintenance. In § III(c) of his will, Webb Coe specifically gave Hazel "the unrestricted power and authority to direct the disposition of the principal or corpus of this [marital] trust by the terms of her Last Will and Testament to her estate or to such person and in such manner as she alone may direct." If Hazel did not exercise this "power of appointment," the remaining corpus of the Marital Trust would become part of the Residuary Trust upon her death. Apparently, Hazel did not exercise the power of appointment before her death. Thus, in accordance with § IV(c) and (d) of Webb Coe's will directing who would be the beneficiaries of the Residuary Trust, the unused corpus of the Marital Trust as well as the Residuary Trust were to be split between respondent Finney and petitioners, her niece and nephews.

Because a general power of appointment is at work in this case, Internal Revenue Code § 2207, 26 USC 2207, also comes into play. Section 2207 states:

> Unless the decedent directs otherwise in his will, if any part of the gross estate on which the tax has been paid consists of the value of property included in the gross estate

under Section 2041, the executor shall be entitled to recover from the person receiving such property by reason of the exercise, non-exercise, or release of a power of appointment such portion of the total tax paid as the value of such property bears to the taxable estate.

Although federal preemption issues abound when dealing with federal estate tax apportionment, we believe that the language in subsection 133a(2) controls because it further defines what the phrase "[u]nless the decedent directs otherwise in his will" means and crafts an exception to the general rule of apportionment.

In *In re Roe Estate*, 169 Mich App 733, 737-738; 426 NW2d 797 (1988), this Court reviewed § 2 of the UETAA and made the following observations:

The principal reason and purpose of the enactment of an estate tax apportionment statute "is to avoid the result sometimes attendant upon the general rule that the burden of estate taxes . . . falls upon the residuary estate and, usually, the natural objects of the testator's bounty." . . . In particular, enactment of a tax apportionment statute is an attempt to avoid the hardship that results when the residual estate becomes liable for estate taxes on property not included in the probate estate of the decedent. . . . For example, the gross estate for federal estate tax purposes includes jointly held property and proceeds from life insurance policies on decedent, categories that do not pass through the probate estate. See 26 USC 20.2041 and 20.2042. The aim of an apportionment statute is to promote the presumed intent of most testators by enacting a "burden on the recipient" rule as opposed to a burden on the residue, in order to ensure an equitable allocation of the burden of the tax among those actually affected by that burden.

Our primary goal in construing a will to determine whether the testator expressly manifested an inten-

tion that taxes be paid out of the estate and not apportioned pursuant to the UETAA is to effectuate the testator's intent to the extent consistent with the law. *Roe, supra* at 738. "[T]he right to alter or omit apportionment may be exercised by will only." *Id.* at 739, citing *Detroit Bank & Trust Co v Grunewald,* 26 Mich App 495, 499; 182 NW2d 628 (1970). Other jurisdictions adopting the UETAA have required that a will directive against apportionment should be expressed in clear and unambiguous language, particularly in light of the strong policy favoring apportionment. *Roe, supra.* The burden of proof rests with the party arguing against apportionment, i.e., petitioners-grandchildren.

Here, respondent Finney argues that the language Hazel Coe used in her will directing her personal representative not only to pay all death taxes imposed by reason of her death but also to not seek reimbursement from or force apportionment on any persons receiving property by reason of her death was not sufficiently clear, unambiguous, or indicative of an intent to avoid apportionment pursuant to § 2 of the UETAA. She cites no cases with similar testator language. She also gives no rationale for this Court to ignore Hazel Coe's expressed intent, according to the plain wording of her will, to avoid apportionment.

This Court agrees with petitioners' assertion that subsection 133a(2) defines the term "general direction" in a will as being general instructions "to pay all taxes imposed on account of a testator's death." Hazel Coe's will used these specific words in her will. If this were the only language that Hazel included in her will, we would agree that the language would merely constitute a general direction and would be insuffi-

cient to override the apportionment directives in § 2 of the UETAA and § 2207 of the Internal Revenue Code. Instead, Hazel Coe further directed respondent Finney, as Hazel's personal representative, not to seek reimbursement of taxes from or apportion taxes among any person receiving property as a result of her death. She specifically referred to the *apportionment* of taxes, and she specifically directed the personal representative *not* to apportion among those receiving *any* property as the result of her death. It is this second sentence that this Court and the probate court find a compelling, manifest expression of Hazel Coe's intentions.[3]

This Court finds that neither § 2 of the UETAA nor subsection 133a(2) is ambiguous and in need of judicial interpretation. Applying the plain language of those statutes to the plain language of Hazel Coe's will, this Court finds that Hazel Coe clearly manifested her desire to avoid apportionment. Given the complexity of some wills, it would be counterproductive for this Court to hyperanalyze and overscrutinize the two clear and pertinent sentences in Hazel Coe's will when it is obvious that she chose the path less traveled: she used simple, plain English to express her desires upon her death.

---

[3] NBD argued at the summary disposition motion hearing that Hazel Coe failed to specifically mention the power of appointment estate, i.e., the Marital Trust, when discussing her desires against apportionment or that her estate should pay taxes on the Trust. NBD also argues that the omission of any specific language should be interpreted to mean that there was a deliberate decision to apportion the estate taxes to the Trust recipients. The probate court apparently rejected this argument, and we find nothing to support the proposition that the Marital Trust, which everyone agrees was included within Hazel Coe's estate by operation of law, had to be specifically mentioned in order to be included in her statement against apportionment.

Our conclusion is not contrary to logic. Hazel Coe's desire to avoid apportionment could reasonably be attributed to the fact that respondent Finney would receive the lion's share of Hazel's estate, valued at $495,490, while petitioners would receive $5,000 each and then divide the residue with Aunt Phyllis. Because respondent Finney will also share fifty percent of the Marital Trust and Residuary Trust proceeds with petitioners, respondent will receive a greater share of her parents' estate, which is understandable. Thus, Hazel Coe's decision to place the tax burden on the party with the most assets to pay it is a reasonable approach. Stated otherwise, it is conceivable that Hazel Coe decided not to require that any tax burden from her death decrease her grandchildren's share further. Moreover, although Hazel Coe *could* have more specifically set forth her intent in her will to avoid the effect of § 2 of the UETAA, the two critical sentences in Mrs. Coe's will were sufficient to expressly manifest her intent that taxes imposed on account of her death shall be paid out of her estate, consistent with MCL 700.133a(2); MSA 27.5133(1)(2) and § 2 of the UETAA, MCL 720.12; MSA 27.3178 (167.102).

II

Respondent Finney also argues that should this Court uphold the probate court's determination, the Estate of Hazel Coe should be required to pay interest to the Marital Trust only "from the time that objections to the payment of tax were made" rather than from the date that NBD made the payments out of the Marital Trust. Respondent raises this argument in one paragraph of her appellate brief without further dis-

cussion or citation of authority. A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim. We need not address an issue that is given only cursory consideration. *Meagher v Wayne State Univ*, 222 Mich App 700, 716; 565 NW2d 401 (1997); *In re Toler*, 193 Mich App 474, 477; 484 NW2d 672 (1992). We find, therefore, that this issue is waived on appeal.

### CONCLUSION

The language of the will controls, and the probate court did not err in granting petitioners-grand-children's motion for summary disposition regarding the Marital Trust's entitlement to be reimbursed for the federal and state estate taxes it paid upon the death of Hazel Coe. Cf. *Roe, supra* at 739 (testator's will expressly stated that it did not provide for payment of taxes because a separate trust, not incorporated by reference, resolved the issue; this language did not provide how the estate taxes would be paid and did not "direct a method" of payment). Accordingly, the probate court did not clearly err in finding that Hazel Coe expressly manifested in her Last Will and Testament a desire *not* to apportion any of the taxes associated with her death or attributable to her nonexercise of her power of appointment over the remainder of the Webb H. Coe Marital Trust. The clear language of her will and the clear language of MCL 720.12; MSA 27.3178(167.102) and MCL 700.133a(2); MSA 27.5133(1)(2) support the probate court's findings and its grant of summary disposition in favor of petitioners Richard Green, Robert Green, and Terri Waldorf. Thus, respondent Phyllis Finney, as personal representative of the Estate of Hazel Coe,

is required to reimburse the Webb H. Coe Marital Trust in the amount of $60,917, including interest from the date that the NBD Bank as trustee made the tax payments.

We affirm.