## CALDWELL v CHAPMAN

Docket No. 205996. Submitted October 5, 1999, at Lansing. Decided March 3, 2000, at 9:15 A.M.

Karen M. Caldwell brought an action in the Ingham Circuit Court against Gary R. Chapman, seeking a determination of paternity with regard to the plaintiff's son, who was 17 ½ years old when the complaint was filed, custody of the child, and child support. The defendant had moved to California when the child was about four years old and had not provided any child support since that time. The defendant was served with the complaint in California by certified mail, return receipt requested, but did not answer the complaint or have an attorney file an appearance on his behalf. The court, Carolyn Stell, J., granted the plaintiff's motion for a default judgment, and entered an order of filiation and support adjudging the defendant to be the child's father and ordering the defendant to pay future child support until the child turned eighteen or graduated from high school, whichever occurred later, and to pay the back child support that had accrued since the filing of the action. The order also reserved a ruling regarding child support from the date of the child's birth. The plaintiff then moved for an award of prior child support for the period beginning when the defendant left the state until the plaintiff filed the complaint. After a hearing, at which defense counsel but not the defendant was present, the court entered an amended order of child support that awarded the plaintiff prior child support for the period after the defendant left the state. The defendant's delayed application for leave to appeal was granted.

The Court of Appeals *held*:

1. The Paternity Act allows an order of filiation and support to provide for the payment of child support for the period before the entry of the order. However, the act provides that child support may not be awarded for the period before the complaint was filed if the proceedings are commenced after the lapse of more than six years from the child's birth. The six-year period of limitation is tolled in certain circumstances, including if the defendant either was out of the state, was avoiding service of process, or threatened or coerced the complainant not to file a proceeding under the act during the first six years of the child's life. The fact that the defend-

ant was out of the state during the first six years of the child's life was enough to trigger the tolling provision.

2. The act further provides that an award for expenses or support that accrued before the complaint was filed is proper if the complaint is filed within a period equal to the sum of six years and the time that the defendant was out of the state, was avoiding service of process, or threatened or coerced the complainant not to file a proceeding under the act. This requirement was met in this case because the defendant was still out of the state when the complaint was filed.

Affirmed.

PARENT AND CHILD — CHILD SUPPORT — LIMITATION OF ACTIONS — PRIOR CHILD SUPPORT.

An order of filiation and support entered under the Paternity Act may provide for payment for the support of the child before the entry of the order; however, an amount shall not be awarded for expenses or support that accrued before the complaint was filed where the proceedings are commerced more than six years after the birth of the child; the six-year period of limitation is tolled in certain circumstances, including if during the first six years of the child's life the defendant either was out of the state, was avoiding service of process, or threatened or coerced the complainant not to file a proceeding under the act; an award for expenses or support that accrued before the complaint was filed is further limited by the requirement that the complaint must have been filed within a period equal to the sum of six years and the time that the defendant either was out of the state, was avoiding service of process, or threatened or coerced the complainant not to file a proceeding under the act (MCL 722.717; MSA 25.497).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Stuart J. Dunnings, III*, Prosecuting Attorney, and *Barbara A. Vander Voord*, Chief of Family Support Division, for the plaintiff.

*Rita F. Young*, for the defendant.

Before: HOEKSTRA, P.J., and MCDONALD and METER, JJ.

McDONALD, J. Defendant appeals by leave granted from the trial court's order awarding plaintiff child

support that accrued before plaintiff filed her complaint seeking an order of filiation and child support pursuant to MCL 722.717; MSA 25.497. We affirm.

The parties in this case have never been married to each other. Plaintiff gave birth to a son, Julien, on March 26, 1979. Plaintiff testified that she and defendant began living together in 1978 after dating for about five years. Plaintiff became pregnant in either June or July 1978. She testified that she had not had sexual relations with anyone other than defendant for the two months before and after conception and that defendant was the only possible father. Plaintiff explained that she moved in with her parents when she was about six months pregnant because of complications in the pregnancy and because defendant did not want her to have the child. However, defendant gave her money during the pregnancy.

Plaintiff testified that defendant was present during the delivery of Julien and that he visited her while she was hospitalized following the birth. However, defendant's name was not put on the birth certificate because, according to plaintiff, he lied and told her he had signed the birth certificate but, in fact, did not do so. Plaintiff and Julien lived with her parents after they left the hospital, but defendant did provide some money and items such as diapers and milk. Defendant stopped contributing to Julien's support in this manner when he lost his job sometime in 1982. At that time, Julien was about three years old.

Defendant told plaintiff he was moving to California in the summer of 1983 and assured her that Julien "would be taken care of." Defendant did not give plaintiff his new address in California. Once defendant left Michigan, plaintiff did not receive any money.

Sometime in 1985, defendant called plaintiff. At that time, plaintiff asked defendant for child support. Defendant responded that he could not send any money because his wife was pregnant and he had been laid off from work. Defendant did not tell plaintiff where he was living or working at that time. Plaintiff again had contact with defendant in 1987, when she went to California to visit a friend. During the visit, defendant came to the friend's home and plaintiff again asked about child support for Julien. Defendant told plaintiff that he was still having financial problems because of the new baby and because he was not working as much as he had expected, but indicated that when he got some money he would send it to her. However, plaintiff did not have any contact with defendant until after she filed this paternity action.

Plaintiff did not file her paternity complaint until September 17, 1996, when Julien was 17½ years old. In her complaint, plaintiff alleged that defendant is Julien's father. Plaintiff sought a determination of paternity, custody of Julien, and child support.

Plaintiff served the complaint on defendant in California by certified United States mail, return receipt requested. Defendant did not answer the complaint and did not have an attorney file an appearance on his behalf. On plaintiff's motion, a default was entered. Plaintiff later moved for a default judgment, and the trial court entered an order of filiation and support adjudicating defendant as Julien's father. The trial court also ordered defendant pay $118 a week child support until Julien turned eighteen years old or graduated from high school, whichever occurred later, see MCL 722.717a; MSA 25.497(1). Moreover,

the trial court ordered defendant to pay $2,242 in back child support, which had accrued since the filing of the paternity action, in increments of $10 a week. This paragraph of the order also provided that "[r]eimbursement for child support from the child's date of birth is reserved." Defendant paid support consistent with this order.

After the trial court entered the order of filiation and support, plaintiff moved for an award of prior child support for the period before the complaint was filed that defendant had not contributed to Julien's support, which began when defendant left the state in 1983. Defense counsel entered an appearance on behalf of defendant after plaintiff filed her motion. After a hearing, at which defense counsel but not defendant was present, the trial court granted plaintiff's motion. The trial court found, on the basis of plaintiff's testimony, that defendant was Julien's father and entered an amended order of filiation and support ordering defendant to pay $76,768 in prior child support. This Court granted defendant's delayed application for leave to appeal. *Caldwell v Chapman,* unpublished order of the Court of Appeals, entered April 22, 1998.

Defendant argues the trial court erred in awarding prior child support because plaintiff's complaint was not timely filed under MCL 722.717(2); MSA 25.497(2). We disagree.

Section 7 of the Paternity Act, MCL 722.717; MSA 25.497, provides, in pertinent part:

(1) The court shall enter an order of filiation declaring paternity and providing for the support of the child under 1 or more of the following circumstances:

(a) The finding of the court . . . determines that the man is the father.

*       *       *

(c) The defendant is served with summons and a default judgment is entered against him or her.

(2) An order of filiation entered under subsection (1) shall specify the sum to be paid weekly or otherwise, until the child reaches the age of 18. Subject to section 7a, the court may also order support for a child after he or she reaches 18 years of age. In addition to providing for the support of the child, the order shall also provide for the . . . support of the child *before* the entry of the order of filiation . . . . However, if proceedings under this act are commenced after the lapse of more than 6 years from the birth of the child, an amount shall not be awarded for expenses or support that accrued before the date on which the complaint was filed unless 1 or more of the following circumstances exist:

(a) Paternity has been acknowledged by the father in writing in accordance with statutory provisions.

(b) One or more payments were made for support of the child during the 6-year period and proceedings are commenced within 6 years from the date of the most recent payment.

(c) The defendant was out of the state, was avoiding service of process, or threatened or coerced the complainant not to file a proceeding under this act during the 6-year period. The court may award an amount for expenses or support that accrued before the date the complaint was filed if the complaint was filed within a period of time equal to the sum of 6 years and the time that the defendant was out of state, was avoiding service of process, or threatened or coerced the complainant not to file a proceeding under this act. [Emphasis added.]

This Court reviews issues of statutory interpretation, which are questions of law, de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property &*

*Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Auto-Owners Ins Co v Stenberg Bros, Inc*, 227 Mich App 45, 50; 575 NW2d 79 (1997). When the language used in the statute is clear, that statute must be enforced as written. *Id.* Only when "reasonable minds" could disagree regarding the proper meaning of the statute does the Court have a role in interpreting it. *Kiesel Intercounty Drain Drainage Dist v Dep't of Natural Resources*, 227 Mich App 327, 334; 575 NW2d 791 (1998).

MCL 722.717(2); MSA 25.497(2) clearly provides that when an order of filiation is entered, it may provide for payment "for the support of the child *before* the entry of the order of filiation . . . ." (Emphasis added.) However, the last sentence of this subsection limits when prior support may be awarded, by providing that "if proceedings under this act are commenced after the lapse of more than 6 years from the birth of the child, an amount shall not be awarded for expenses or support that accrued before the date on which the complaint was filed . . . ." *Id.* The statute then sets forth three exceptions to this six-year period of limitation. The third exception, MCL 722.717(2)(c); MSA 25.497(2)(c), is at issue in this case.

MCL 722.717(2)(c); MSA 25.497(2)(c) tolls the six-year period of limitation by allowing an award of child support that accrued before a paternity suit if "[t]he defendant was out of the state, was avoiding service of process, or threatened or coerced the complainant not to file a proceeding under this act during the 6-year period." The phrase "during the 6-year

period" clearly refers to the first six years of the child's life. See MCL 722.717(2); MSA 25.497(2).

Defendant argues that being out of state during the six-year period alone is not enough to trigger the tolling provision in MCL 722.717(2)(c); MSA 25.497(2)(c). Defendant claims that in order to trigger the tolling provision, plaintiff is also required to prove either that he was avoiding service of process or that he threatened or coerced her not to file suit. We disagree.

The plain language of the statute indicates that the fact that a defendant is out of the state during the first six years of the child's life is enough to trigger the tolling provision in MCL 722.717(2)(c); MSA 25.497(2)(c). The Legislature drafted the first sentence of MCL 722.717(2)(c); MSA 25.497(2)(c) in the disjunctive, using commas between each clause and the word "or," which generally refers to a choice between two or more things. See *Auto-Owners, supra* at 50-51. Accordingly, any one of the alternatives listed in subsection 2(c) is enough to trigger the tolling provision. In this case, subsection 2(c) clearly applies because it is undisputed that defendant was out of the state during the first six years of Julien's life. He moved to California in 1983 when Julien was approximately four years old.

However, the fact that a defendant was out of state, or avoiding service of process, or threatening the complainant during the first six years of the child's life does not give the complainant an unlimited amount of time in which to seek prior child support. The second sentence of subsection 2(c) provides that "[t]he court may award an amount for expenses or support that accrued before the date the complaint

was filed if the complaint was filed within a period of time equal to the sum of 6 years and the time that the defendant was out of state, was avoiding service of process, or threatened or coerced the complainant not to file a proceeding under this act." In this case, this requirement is clearly met because defendant was still out of the state when the complaint was filed.[1] Accordingly, the trial court did not err in awarding plaintiff prior child support under MCL 722.717(2)(c); MSA 25.497(2)(c).

Defendant's brief also makes cursory reference to the doctrine of laches as a possible bar to plaintiff's suit in this case. However, defendant has waived this issue by not including it as an issue in his statement of questions presented and not citing any authority in support of his position. *In re Coe Trusts*, 233 Mich App 525, 536-537; 593 NW2d 190 (1999); *Marx v Dep't of Commerce*, 220 Mich App 66, 81; 558 NW2d 460 (1996).

Defendant also states in his brief that any award of prior child support should have been based on his prior income and expenses, not his current income. Again, this issue is not raised in the statement of questions presented. *Id.* at 81. If defendant is attempting to argue this as an issue, he has waived it by failing to properly present the issue. A party may not merely announce a position and leave it to this Court

---

[1] We note that defendant has never raised lack of personal jurisdiction as a defense. Moreover, it appears that application of Michigan's long-arm statute could be consistent with due process in this case considering plaintiff's testimony that defendant was living in Michigan when Julien was conceived and born and that defendant contributed to Julien's support for about three years before moving to California. MCL 600.705(7); MSA 27A.705(7); *Rainsberger v McFadden*, 174 Mich App 660; 436 NW2d 412 (1989).

to discover and rationalize the basis for the claim. *In re Coe Trusts, supra* at 537.

Affirmed.