*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VAN ANDA AVIATION, LLC,

        Plaintiff-Appellee,

v

EDWARD PATRICK MANTURUK,

        Defendant-Appellant.

UNPUBLISHED
February 10, 2022

No. 351983
Ingham Circuit Court
LC No. 18-000792-CK

Before: GLEICHER, C.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Edward Manturuk faced a civil suit in his home state and county because he had allegedly not paid a debt. Manturuk delayed discovery for nearly a year and raised baseless challenges to the court's jurisdiction. After giving Manturuk several opportunities to comply with court orders and provide discovery, the circuit court entered a default judgment against him. We discern no error in the court's decisions and affirm.

## I. BACKGROUND

In November 2018, Van Anda Aviation, LLC filed a complaint in Ingham Circuit Court against Edward Manturuk, a resident of Ingham County. Van Anda alleged that Manturuk had contracted with it for goods and services, that the goods and services had been provided, and that Manturuk had not paid his balance of $25,838.59. The contract was either made orally or was in Manturuk's possession.

For the next year, Manturuk, representing himself, fought the jurisdiction of the Ingham Circuit Court. He asserted that the dispute involved a small airplane sitting in a Florida hangar. Manturuk repeatedly insisted that the airplane belonged to his employer, not to him, and if anyone owed for goods and services, it was his employer. Manturuk further asserted that the sums requested were not for unpaid goods and services, but rather unpaid real estate lease payments. As the real property was in Florida, suit should have been brought there. On these grounds, Manturuk sought summary disposition of Van Anda's complaint for lack of personal and subject matter jurisdiction. The circuit court denied that motion.

Throughout the proceedings, Manturuk failed to follow court rules and abide by court orders. Van Anda filed several motions to compel discovery and the court directed Van Anda to more clearly and narrowly describe the information requested. Despite very clear requests for Manturuk to present title documentation or tax returns to establish ownership of the airplane, Manturuk failed to do so. Although Manturuk was the "managing director" of his "employer," a company with only one other member, Manturuk indicated that only his employer had the requested records. Manturuk also failed to file responsive pleadings in a timely fashion, did not prepare for case evaluation, and admittedly failed to read one of Van Anda's motions.

The circuit court gave Manturuk several opportunities to comply and to retain counsel to assist him. Eventually, the court sanctioned Manturuk $500, which Manturuk did not pay. Van Anda subsequently moved for a default judgment based on Manturuk's failure to comply with discovery. The circuit court granted the motion based on Manturuk's failure to respond to discovery, failure to respond to motions, and failure to provide information that was clearly identified in discovery requests. The court found that it was impossible for the case to proceed without Manturuk documenting his defenses.[1] Manturuk now appeals.

## II. JURISDICTION

Manturuk continues to argue that the Ingham Circuit Court lacked personal and subject matter jurisdiction to hear this case and that the complaint should have been filed in Florida where the airplane and hangar are located. We review de novo a circuit court's decision on a motion for summary disposition. *City of Fraser v Almeda Univ*, 314 Mich App 79, 87; 886 NW2d 730 (2016). Summary disposition is appropriate when "[t]he court lacks jurisdiction over the person or property." MCR 2.116(C)(1). "The plaintiff bears the burden of establishing jurisdiction over the defendant, but need only make a prima facie showing of jurisdiction to defeat a motion for summary disposition." *Fraser*, 314 Mich App at 87 (cleaned up).

Manturuk's challenges to the circuit court's jurisdiction are without merit and misconstrue jurisdictional principles. "Before a court may obligate a party to comply with its orders, the court must have in personam jurisdiction over the party." *Oberlies v Searchmont Resort, Inc*, 246 Mich App 424, 427; 633 NW2d 408 (2001). Michigan has personal jurisdiction over an individual if that individual is domiciled in the state when process is served. MCL 600.701(2). Manturuk

---

[1] The circuit court's default judgment also dismissed Manturuk's counterclaim that Van Anda charged a usurious interest rate.

admitted that he lived in Ingham County when process was served. Therefore, the court had personal jurisdiction over him.

Subject-matter jurisdiction is the power of a court to decide a type of case rather than the specific case before it. *Bowie v Arder*, 441 Mich 23, 39; 490 NW2d 568 (1992). This Court "look[s] beyond the mere procedural labels to determine the exact nature of the claim." *Altobelli v Hartmann*, 499 Mich 284, 299; 884 NW2d 537 (2016). Relevant to this appeal, a personal action includes a claim for breach of contract or debt recovery and may be brought against a defendant in his or her home jurisdiction. An in rem action seeks to determine title to or repossession of real property and must be brought in the jurisdiction where the land is located. *Detroit v 19675 Hasse*, 258 Mich App 438, 448-450; 671 NW2d 150 (2003). Van Anda did not seek to determine title or to foreclose on any property, in Florida or Michigan. Van Anda sought only to collect a debt owed (and Manturuk raised title as a defense). As such, the Ingham Circuit Court had jurisdiction over the subject matter of this action.[2]

III. DEFAULT JUDGMENT

Manturuk further challenges the entry of a default judgment against him. We review for an abuse of discretion a court's entry of a default judgment. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011).

Courts generally favor determining claims on their merits. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). However, MCR 2.313(B)(2)(c) authorizes a court to sanction a party by granting a default judgment if the party fails to provide or permit discovery. Before imposing this harsh sanction, the trial court should "carefully consider the circumstances of the case . . . ." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000) (cleaned up). Factors to be considered include:

> (1) whether the violation was wilful [sic] or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995).]

In rendering its decision, the circuit court emphasized Manturuk's repeated refusals to comply with court orders. Given Manturuk's admission that he did not even read one of the motions served upon him, Manturuk's violations appeared willful. The matter was delayed several times after the court gave Manturuk specific discovery instructions and Van Anda clarified its discovery requests. Despite this assistance, Manturuk continued to file belated pleadings and

---

[2] Manturuk contends for the first time on appeal that venue was improper in Michigan. However, he did not include this issue as a question presented, and it is deemed abandoned. *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000).

incomplete discovery responses. He never provided title or tax documents as specifically ordered. Moreover, the court had already tried a lesser sanction—imposition of a $500 fine—without effect.

Even so, Manturuk complains that he was not given adequate time to comply before the court entered the default judgment. This claim is belied by the record. Van Anda filed its first motion to compel discovery on May 15, 2019. The court entered the default judgment more than five months later. In the meantime, the circuit court gave Manturuk repeated opportunities to comply with its orders and required Van Anda to craft its discovery requests in the simplest possible terms. Manturuk was given more than adequate time and opportunity to comply.

Manturuk further complains that he was held vicariously liable for his employer's conduct as the court entered the default judgment without determining title to the airplane first. Title was a fact critical to Manturuk's defense. He insisted in court that the airplane belonged to his "employer," although he could not give consistent answers about the name of his employer. He promised to ask his employer for the necessary records, but never produced them. As Manturuk is one of only two members of the "employer" LLC, Manturuk need look no further than himself for the answer and records he sought. His failure to provide the documents as ordered supported the court's decision.

## V. DUE PROCESS

Manturuk next asserts that the circuit court violated his due process rights by failing to give him adequate time to secure counsel before entering the default judgment. However, Manturuk could have retained counsel at any time after Van Anda filed suit in November 2018. The court advised Manturuk in August and September 2019 that it would be in his best interests to hire an attorney. Manturuk had more than adequate time to find and retain counsel. Manturuk chose to represent himself, received notice of all hearings, and had an opportunity to be heard. That was all that was required. See *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009).

## VI. JUDICIAL BIAS

Finally, Manturuk asserts that he entitled to have the default judgment set aside because the circuit court judge demonstrated bias against him. "Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). However, the challenging party must overcome the heavy presumption in favor of judicial impartiality. *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). Judicial rulings "will not constitute a basis for disqualification unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 496 (cleaned up).

Contrary to his contentions, the court did not display antagonism toward Manturuk for not having counsel. Rather, the court repeatedly gave Manturuk advice and instruction because he was representing himself and required Van Anda to simplify the proceedings as well. The court did not display bias when it ordered Manturuk, but not Van Anda, to file discovery responses with the court. This order merely recognized that Manturuk had not provided adequate discovery in the past and had not fully complied with the court's orders. Although Manturuk asserts that the court allowed Van Anda "double oral argument" at the motion hearings, the transcripts reflect that each

party was given equal opportunity to speak. Manturuk claims that the court demonstrated bias by failing to rule on his motion for reconsideration after denying his summary disposition motion, but the September 19, 2019 reconsideration denial is in the lower court record. And the court did not display bias when it sanctioned Manturuk. Manturuk was sanctioned because of his repeated delays and failure to comply with court orders.

We affirm. Van Anda Aviation, LLC, as the prevailing party, may tax costs pursuant to MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Anica Letica