*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER TOWNSHIP OF LYON,

        Plaintiff,

v

JAMES E. PETTY, JUDITH PETTY, JAMES
PETTY, JR., and PETTY TRUCKING,

        Defendants-Appellants,

and

JENNIFER H. ELOWSKY, LEANN K.
KIMBERLIN, and BAKER & ELOWSKY, PLLC,

        Appellees.

UNPUBLISHED
April 18, 2019

No. 341925
Oakland Circuit Court
LC No. 2014-141058-CE

CHARTER TOWNSHIP OF LYON,

        Plaintiff,

v

MARLENE HOSKINS and PAUL HOSKINS
LANDSCAPING,

        Defendants-Appellants,

and

JENNIFER H. ELOWSKY, LEANN K.
KIMBERLIN, and BAKER & ELOWSKY, PLLC,

        Appellees.

No. 341927
Oakland Circuit Court
LC No. 2014-141059-CE

-1-

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

In these consolidated appeals[1], defendants James E. Petty, Judith Petty, James Petty, Jr., Petty Trucking, Marlene Hoskins, and Paul Hoskins Landscaping appeal as of right the trial court's opinion and order denying their motion for sanctions against Jennifer E. Elowsky, Leann K. Kimberlin, and Baker & Elowsky, PLLC, former attorneys for plaintiff, the Charter Township of Lyon (the Township). We affirm.

## I. RELEVANT FACTUAL BACKGROUND

This case was previously before this Court. See *Lyon Charter Twp v Petty*, 317 Mich App 482, 485-487; 896 NW2d 477 (2016). In its prior opinion, this Court summarized the factual background as follows:

> The Petty and Hoskins families each own acreage on Belladonna Road in Lyon Township. The land has been zoned R–1.0 Residential Agricultural since 1957. The Hoskins family purchased their five-acre lot in 1969. The land was vacant, and the family quickly constructed a single-family residence. In 1970, the Hoskins family erected a 30–foot by 50–foot pole barn valued at $3,300. Their building permit application indicated, "Building to be used for storage." In 2012 and 2013, the Hoskins family built additions to the pole barn, each valued at $3,500. The Hoskins family asserts that they have always used the pole barn to store equipment and material for their landscaping business: Hoskins Landscaping, formerly known as Paul Hoskins Landscaping.
>
> The Petty family bought a 13–acre lot neighboring the Hoskins family in 1977. The previous owners ran Nunday Trenching and Power Washing Company from the property and stored trucks and commercial equipment on site. The Petty family currently operates a truck-storage facility on the land—Petty Trucking— and also stores materials such as brick pavers. They have conducted other commercial enterprises in the past. Although James Petty contends that his family has made "significant investments" and "improvements to the business," he provided no further detail in connection with this lawsuit.
>
> It is undisputed that the Hoskins and Petty families operated their businesses without township interference for several decades despite that their uses were never permitted under their zoning classification. Defendants claim that township officials have visited their property several times over the years and never raised any concerns. Moreover, each presented commercial personal property tax bills connected with their Belladonna addresses. In the early days, other property

---

[1] See *Charter Twp of Lyon v James E. Petty*, unpublished order of the Court of Appeals, entered January 25, 2018 (Docket Nos. 341925, 341927).

owners on Belladonna Road put their land to similar uses. It is also undisputed, however, that the neighborhood's character has changed over time. Satellite images reveal that a large residential subdivision now runs along the properties' western borders. On Belladonna Road, simple farm houses have given way to modern homes of vast square footage on large lots. It appears that Hoskins Landscaping and Petty Trucking are the last local vestiges of the rural era.

Neighbors began complaining about noise and early morning activity at the landscaping and truck-storage businesses. On October 14, 2013, the township sent identical "township zoning ordinance warning notice[s]" to Marlene Hoskins and James Petty. The township advised defendants that their business uses were not permitted in a residential zoning district and that defendants had been in violation of the ordinance since the inception of their commercial enterprises. The notices continued, "Although portions of your business activities have existed for years, the Township would like to meet with you to discuss options available to bring your property into compliance with the Zoning Ordinance." Ultimately, the township sought judicial intervention to force the Hoskins and Petty families to cease their business operations in their current locations. Defendants filed a joint motion for summary disposition contemporaneous with their answers, and the township responded with a summary disposition motion of its own. The circuit court agreed with the township's position and ordered the Pettys' and Hoskinses' compliance with the zoning restrictions on their land. [*Charter Twp of Lyon*, 317 Mich App at 485-487.]

This Court affirmed the trial court's grant of summary disposition in favor of the Township.

Following this Court's decision, defendants requested a stay of enforcement of the zoning restrictions in the trial court pending their appeal to our Supreme Court. The trial court granted defendants' motion, and entered an Order Granting Stay of Judgment. In lieu of granting leave to appeal, our Supreme Court vacated two specific statements from this Court's prior opinion that were unnecessary to the disposition of the case, but otherwise denied leave in all other respects. *Charter Twp of Lyon v Petty*, 500 Mich 1010; 896 NW2d 11 (2017).[2]

---

[2] Specifically, our Supreme Court vacated the portions of this Court's opinion that stated, "[m]oreover, as a matter of law, $7,000 worth of additions to a storage barn falls short of the 'substantial change in position' or 'extensive obligations and expenses' necessary for equity to overcome a township's zoning authority[,] 83 Am Jur 2d § 937, p 984," and "Courts have also held that property owners must establish 'a financial loss . . . so great as practically to destroy or greatly to decease the value of the . . . premises for any permitted use[,]' *Carini v Zoning Bd of Appeals*, 164 Conn 169, 173; 319 A 2d 390 (1972)[.]" *Charter Twp of Lyon*, 500 Mich at 1010. Our Supreme Court reasoned that "neither statement is necessary to the disposition of this case or well-grounded in Michigan jurisprudence." *Id*.

Following defendants' unsuccessful appeal to our Supreme Court, plaintiff, represented by Elowsky and Kimberlin, through Baker & Elowsky, PLLC, moved in the trial court to lift the stay of enforcement of judgment. The trial court held a two-day motion hearing. On the second day of the hearing, Petty and Hoskins appeared for the first time in *propria persona* before the trial court and attempted to explain that they had worked out agreements with the Township. The trial court indicated that regardless of their agreements, there was no basis to deny the Township's motion to lift the stay. The trial court further advised defendants that they could continue speaking with the Township regarding enforcement of the Township's zoning ordinances, but the trial court must lift the stay. Whether the Township enforced the zoning ordinances or judgment against defendants was unrelated to the motion to lift the stay. Accordingly, the motion was granted, and the trial court entered an order of judgment that contained specific actions required of defendants in order to come into compliance with the Township's zoning ordinance.

Despite an order permitting defendants' attorney to withdraw as counsel, their attorney, Dennis B. Dubuc, moved for reconsideration on behalf of defendants, arguing that the relief contained in the order lifting the stay and enforcing judgment was "far in excess" of the relief requested in the Township's original complaint, and that the Township had engaged in secret settlement agreements with defendants but failed to inform the trial court. Defendants' motion for reconsideration was denied.

Dubuc then filed a motion for sanctions against Elowsky, Kimberlin, and Baker & Elowsky, PLLC, pursuant to MCR 2.114(D) and (E)[3], MCR 2.625(A)(2), and MCL 600.2591. This is the motion at issue in this appeal. In the motion, Dubuc alleges that Elowsky, Kimberlin, and Baker & Elowsky, PLLC "engaged in ultra vires, egregious[,] and highly inappropriate conduct in order to misrepresent material fact." Specifically, Dubuc alleged that Elowsky, Kimberlin, and Baker & Elowsky, PLLC failed to represent to the trial court that the Township had issued Petty a permit to maintain a berm on his property, and that the Hoskins and the Township had reached an agreement by which Hoskins granted the Township an easement on her property in exchange for the ability to run her business. Dubuc went on to allege that Elowsky, Kimberlin, and Baker & Elowsky, PLLC "filed an 'enforcement action' which sought expansive relief that was never requested in the complaints nor previously litigated[,]" and that the Township's motion to lift the stay of enforcement had been filed without the authorization of the Township.[4]

---

[3] Former MCR 2.114 has been substantially relocated to current MCR 1.109(E). Former MCR 2.114(D)(1)-(3), (E), and (F) are identical to the current versions of MCR 1.109(E)(5)(a)-(c), (6), and (7), respectively.

[4] We question whether Dubuc or defendants actually have standing to challenge the actions that Elowsky, Kimberlin, and Baker & Elowsky, PLLC took on behalf of their client, the Township. It would seem to this Court that the proper party to challenge any "unauthorized" actions taken by Elowsky, Kimberlin, and Baker & Elowsky, PLLC on behalf of the Township would be the Township, not Dubuc or defendants.

Attached to the motion for sanctions was an affidavit from John Dolan, the supervisor for the Township. Dolan stated that he acted as the liaison between the Township's Board and Elowsky, Kimberlin, and Baker & Elowsky, PLLC. Dolan further stated that Petty and Hoskins came into compliance with the Township's zoning ordinance following denial of their applications for leave to appeal to the Michigan Supreme Court. Dolan confirmed that the Township permitted Petty to install a berm on his property, and noted that the Township did not seek to remove the berm. Dolan also confirmed that the Township had granted Hoskins a "one-year reprieve" from enforcement of the zoning ordinance in exchange for an easement to correct drainage problems in the Township. Finally, Dolan stated that the Township never authorized appellees to "pursue" Petty or Hoskins "for the other post-judgment relief[.]" In fact, according to Dolan, the Township specifically instructed appellees not to "pursue Ms. Hoskins based on the Easement Agreement," and that the actions of Elowsky, Kimberlin, and Baker & Elowsky, PLLC "were done in contravention to the express instructions given to legal counsel by the Township." Dubuc sought $10,000 in costs, sanctions, and attorney fees on behalf of defendants.

Elowsky, Kimberlin, and Baker & Elowsky responded to Dubuc's motion, and denied making any misrepresentations to the trial court while noting that all pleadings and documents that had been filed on behalf of the Township were warranted by law, had a proper legal purpose, and were not frivolous. Elowsky, Kimberlin, and Baker & Elowsky also provided letters from Dolan in which Dolan outlined what was required of defendants to come into compliance with the Township's zoning ordinance. These requirements mirrored the relief requested in the Township's motion to lift the stay.

Following a hearing on Dubuc's motion for sanctions where the parties argued consistent with their briefs, the trial court denied the motion. The trial court commented that Dolan's undated affidavit did not prove that the Township's legal counsel had operated without the consent of the Township, and in fact, the letters from Dolan were to the contrary. Moreover, the trial court concluded that the Township's motion to lift the stay was not frivolous because after the Township had successfully pursued defendants in this Court and our Supreme Court, the Township had no other way to enforce its zoning ordinance against defendants unless the stay was lifted and judgment was entered. Dubuc filed a motion for reconsideration, which was denied. This appeal followed.

## II. ANALYSIS

We first note as a preliminary matter that defendants' statement of the issue on appeal focuses on the trial court's decision not to hold an evidentiary hearing on their motion for sanctions. However, defendants never requested an evidentiary hearing in their consolidated motion for sanctions or during oral argument on the motion. In fact, based on our review of the record before us, an evidentiary hearing was mentioned only twice: first, when defense counsel indicated he had three versions of orders prepared, one of which ordered an evidentiary hearing on defendants' motion for sanctions, and second, in defendants' consolidated motion for reconsideration of the trial court's denial of their motion for sanctions. Accordingly, the issue of whether an evidentiary hearing should have been held was not properly raised before the trial court, it is therefore not preserved, and we decline to address it. *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014) (an issue must be raised, addressed, and decided

-5-

in the lower court to be preserved for appellate review); *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009) (issues raised for the first time in a motion for reconsideration are not preserved for appeal.

Moreover, even if we were to review this issue on appeal[5], defendants have provided no legal citations or analysis to suggest that the trial court was required to hold an evidentiary hearing on their motion for sanctions. "A party may not leave it to this Court to search for authority to sustain or reject its position," and "may not merely announce [its] position and leave it to this Court to discover and rationalize the basis for [its] claims." *Bank of America, NA v Fidelity Nat Title Ins Co*, 316 Mich App 480, 488; 892 NW2d 467 (2016) (quotation marks and citation omitted). Therefore, in addition to being unpreserved, this issue is abandoned.

Further, despite framing the issue as whether the trial court should have held an evidentiary hearing on defendants' motion for sanctions, in their consolidated brief on appeal, defendants actually argue that the trial court erred in denying their motion for sanctions. Failure to include an issue in the statement of questions presented results in the issue being abandoned on appeal, and we need not address it. See MCR 7.212(C)(5); *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2004).

Finally, we note that our review of Dubuc's behavior as counsel for defendants leaves much to be desired. As it relates to this case, not only has Dubuc failed to preserve or has abandoned all reviewable issues in this matter, he has failed to support his arguments with any legal authority, either binding or persuasive. Moreover, Dubuc has consistently misrepresented the facts and procedural elements of this case to the trial court, this Court, and perhaps most concerning, to his own clients. We agree with Elowsky, Kimberlin, and Baker & Elowsky's argument in their brief on appeal that the pursuit of this appeal by Dubuc on behalf of defendants could be considered a vexatious proceeding as defined by MCR 7.216(C)(1)(a) and (b). We think it prudent for Elowsky, Kimberlin, and Baker & Elowsky to consider pursuing damages in accordance with MCR 7.211(C)(8).

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher

---

[5] See *Dell v Citizens Ins Co of America*, 312 Mich App 734, 751 n 40; 880 NW2d 280 (2015), where this Court announced that if an unpreserved issue presents "a legal question and all of the facts necessary for its resolution are present," this Court has the authority to address it.